In re Havlik.

----

IN RE BARBARA HAVLIK.

FILED SEPTEMBER 17, 1895.   No. 6706.

1. **Habeas Corpus:** REVIEW.   "Mere errors and irregularities in a judgment or proceeding of a court in a criminal case under and by virtue of which a person is imprisoned, which are not of such a character as render the proceedings void, cannot be reviewed on an application for a writ of *habeas corpus.*   That writ cannot operate as a writ of error."   *In re Betts*, 36 Neb., 282; *State v. Crinklaw*, 40 Neb., 759, followed.

2. **Contempt:** JURISDICTION: HABEAS CORPUS.   Where the law did not authorize contempt proceedings under and by virtue of which a party was imprisoned, there was a lack of jurisdiction and the judgment void and *habeas corpus* a proper remedy to obtain a release from imprisonment.

3. **Proceedings in Aid of Execution.**   In proceedings in aid of execution, as provided for in sections 532 to 549, inclusive, of the Code, any property of the judgment debtor not exempt by law and in the hands of third persons may be ordered to be applied to the satisfaction of the judgment, and such order may be enforced by the ordinary legal methods of procedure.

4. ——— : ORDERS: DISOBEDIENCE: CONTEMPT.   An order in pro-

ceedings in aid of execution as provided for in the Code of Civil Procedure, to a third person to turn over property in his or her possession to be applied in discharge of the judgment, if disobeyed, cannot be enforced by imprisonment of the party so ordered, as for a contempt under section 546 of the Code.

ORIGINAL application for writ of *habeas corpus*. *Prisoner discharged.*

*Reese & Gilkeson, W. B. Comstock,* and *H. A. Reese,* for petitioner.

*Simpson & Sornborger* and *Good & Good, contra.*

HARRISON, J.

It appears from the record in this case that the National Bank of Wahoo obtained a judgment in the county court of Saunders county against Frank Havlik for the sum of $567.34 and costs of suit, upon which execution was issued of date November 16, 1893, and delivered to an officer and was returned "no property found." On the day of the return of the execution the president of the bank filed with the court an affidavit in which it was stated, with other usual averments, that the defendant, or judgment debtor, was the owner of property not exempt under the law from being subjected to the payment of his debts, and which he concealed, and, upon application, an order was issued citing the debtor to appear and answer under oath such inquiries as might be made of him touching his property. The debtor appeared, and as a result of his examination it was concluded that Barbara Havlik, the petitioner herein, had in her possession and control three promissory notes of the aggregate sum of $2,200, the property of the judgment debtor, and not exempt by law from being applied to the payment of his debts, and that they were placed in her hands for the purpose of hindering and delaying the bank in the collection of the amount due it, and in fraud of its rights in the premises, and thereupon a citation was served upon

Barbara Havlik commanding her to appear and answer concerning any property in her possession or under her control belonging to the judgment debtor.   This citation she did not obey, and a bench warrant was issued and she was brought into court and questioned, and pursuant to the conclusions and findings of the court from the evidence elicited during her examination and that of Frank Havlik she was ordered to deliver into court, within ten days, the promissory notes, to be applied toward the payment of the bank's judgment.   Of this order there was personal service, but she failed and refused to comply therewith, and a complaint was filed charging her with contempt of court in so failing and refusing to comply with the court's order, and, as a result of a hearing upon such complaint, she was adjudged guilty of a contempt and ordered to be confined in the jail of the county until she obeyed the order of the court in reference to the promissory notes, and, upon being imprisoned in the county jail, she applied to this court for a writ of *habeas corpus,* which was issued, and the sheriff of Saunders county has made return thereto and an issue of law has been joined.

It is stated in the applicant's petition, among other things, that the applicant has at all times insisted that the promissory notes in question were her property, and hence she declined to turn them over to the court to be applied in payment of the debts of Frank Havlik.    There are two main questions raised and discussed in the case as presented here: One is, Is *habeas corpus* the proper remedy or should the applicant have appealed or prosecuted a writ of error from the decision of the sentencing court?   And the other, Was the adjudication of the trial court void or was it only irregular or erroneous?   The two are so connected that an answer to the latter will determine the disposition to be made of the former, for, if the judgment of the court, by virtue of which the applicant was committed to prison, was merely irregular or erroneous, then appeal or error was the proper remedy and it cannot be reviewed in a *habeas corpus*

proceeding. (*Ex parte Fisher*, 6 Neb., 309; *In re Betts*, 36 Neb., 283; *State v. Crinklaw*, 40 Neb., 759.)   But if the judgment under which she was imprisoned was for any reason void, then *habeas corpus* was proper and she can be released in the present proceeding.   "Where the proceedings are wholly void, because of want of jurisdiction of the court over the subject matter, or are illegal, as distinguishable from being merely erroneous, the writ of *habeas corpus* is an appropriate remedy. (*In re Betts*, 36 Neb., 282, and cases cited.)

The proceedings which resulted in the imprisonment of the applicant herein were instituted under the provisions of chapter 2, title 14, of the Code of Civil Procedure, designated "Proceedings in Aid of Execution," and more particularly sections 532, 538, 541, 546, and 547 thereof. (Code, title 14, ch. 2.)   These sections provide for an examination of the debtor's debtor before the judge or a referee, and if from the information thus obtained the judge shall conclude that there is any money or property in the hands of the person or corporation examined due the judgment debtor, the judge "may order it to be applied toward the satisfaction of the judgment."   The main intent and purpose of the provisions of the sections under the head of "Proceedings in Aid of Execution" is evidently the discovery of money or property of the judgment debtor liable to be applied toward the satisfaction of the indebtedness, and the order to the third person who was not a party to the original action, or to these summary proceedings, except as cited to appear and answer, if complied with, while it might operate a discharge of all claims by anyone against such person in regard to the moneys or property involved, yet where such third person claims ownership of the money or property his or her right cannot be fully concluded in the summary manner set forth in the chapter to which we have referred.   The judge has a right to direct how the money or proceeds of

In re Havlik.

any property disclosed shall be applied, and the means of enforcing his directions must be through the ordinary processes of the law. In this case Barbara Havlik was not a party to the original action or the judgment resulting therefrom against Frank Havlik, and she claimed the credits or property which it was ordered should be applied to the satisfaction of the judgment against Frank Havlik as her own and refused, as she had a right to, to turn it over to be so applied, and she had a right to maintain her claim of ownership in any of the ordinary proceedings by law contemplated in and applicable to such circumstances and conditions, and there was no authorization of the enforcement of a compliance with the order on her part by her imprisonment in contempt proceedings. These sections of our Code, with some few exceptions which are unimportant so far as any bearing upon the question herein is concerned, are also embodied in the Code of the state of Ohio and have been construed by the supreme court of that state and support the views herein expressed. (See *Union Bank of Rochester v. Union Bank of Sandusky*, 6 O. St., 254; *Edgarton v. Hanna*, 11 O. St., 323; and see, also, *Estey v. Fuller Implement Co.*, 47 N. W. Rep. [Ia.], 1025; 2 Freeman, Executions, sec. 405; *West Side Bank v. Pugsley*, 12 Abb. Pr., n. s. [N. Y.], 28.) The law not authorizing or warranting the imprisonment of the applicant herein for non-compliance with the order made, or her punishment as for contempt, the court or judge had no jurisdiction to adjudge her to be imprisoned, and the judgment in the contempt proceedings was void and *habeas corpus* the proper remedy. (See citations hereinbefore made in support of the rule. See, also, Spelling, Extraordinary Relief, secs. 1202-1243, pp. 988-1025; *People v. Kelly*, 24 N. Y., 74; Freeman, Judgments, sec. 624.) It follows that the demurrer to the application for the writ must be overruled and the

PETITIONER DISCHARGED.