CHARLES M. CLAYTON ET AL., APPELLANTS, V. DAVID W. EVANS, APPELLEE.

290 N. W. 447

FILED FEBRUARY 23, 1940. No. 30762.

*John L. Mattox*, for appellants.

*Lee Kelligar, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

This is an action to quiet title against a sheriff's deed and to set aside all proceedings had subsequent to the decree in

a foreclosure action. The plaintiffs are husband and wife. The defendant is the grantee in the sheriff's deed.

In 1921 Mr. Clayton became the owner of certain real estate in Nemaha county, which he and his wife later occupied as their homestead. In 1929 the Claytons mortgaged the premises to the Lincoln Trust Company. The Lincoln Trust Company became bankrupt. The First Trust Company became successor-trustee, and as such brought an action in 1934 to foreclose the mortgage. The Claytons filed personally signed answers in the foreclosure action. Other appearances were made later, both personally and by attorney.

Decree of foreclosure was entered in September, 1934. The nine months' statutory stay of the order of sale was had. Further stays were had under the moratorium acts.

An order of sale issued July 5, 1935, and the property was sold August 14, 1935, to the First Trust Company. On August 16, 1935, the Claytons by their attorney filed objections to the confirmation of the sale. Confirmation proceedings were delayed by the moratorium stays.

The district court for Lancaster county authorized the First Trust Company to assign the foreclosure decree to Evans. The assignment was made. The court order and the assignment were filed in the foreclosure action. On June 21, 1938, Evans, as the owner of the decree, filed a motion to confirm the sale of August 14, 1935.

June 21, 1938, the court ordered the moratorium set aside, confirmed the sale, ordered the sheriff to deed the property to Evans, and ordered a writ of assistance. Sheriff's deed was issued, delivered to Evans, and by him recorded. There is no showing that the Claytons were represented in the hearing on June 21, 1938. However, by six separate letters from his attorney (the first in December, 1937, the last in May, 1938), Mr. Clayton was advised of the assignment of the decree; that the moratorium law had been declared unconstitutional; that probably all moratoriums would be set aside; that it was necessary to act promptly as court would be sitting and might act upon the moratorium; that his

presence in court was necessary; and that his attorney wanted instructions. No action was taken by Clayton, no attention given to these letters, and no excuse shown for his lack of diligence. On July 20, 1938, the court ordered the moratorium money then on hand paid to Evans.

The Claytons brought this action in October, 1938, alleging that the sheriff's deed is void; that it rests upon an order of the court made in the foreclosure action; that said order is void because Evans was not a party to that action; that the assignment to Evans was invalid because the district court for Lancaster county was without authority to authorize the same, and the First Trust Company was without authority to make the assignment; that the district court was without authority to set aside the moratorium stay; that the plaintiff in the foreclosure action, having accepted the benefits of the moratorium, was estopped to have it set aside; that the order setting aside the moratorium and confirming the sale was made without notice to the Claytons, and that it became final without their knowledge. The Claytons further complain because the court ordered paid to Evans the money which had been paid into court under the moratorium.

Plaintiffs pray that the sheriff's deed be canceled, that defendant be enjoined from asserting ownership to said property, that their title be quieted, and for equitable relief.

Defendant, by answer, pleads the record in the foreclosure and bankruptcy proceedings.

The trial court found generally for the defendant, and dismissed the petition.

Plaintiffs do not cite any statutory provision authorizing a court to grant the relief which they seek, nor do they cite decisions of courts sustaining their cause. The absence of precedents would not bar the granting of the writ. The absence of a showing justifying the decree sought does bar relief. Plaintiffs rely upon the maxim that equity will not suffer a wrong to be without a remedy.

The matters of which they now complain, if grounds for complaint, should have been presented in the original

action. Plaintiffs personally appeared in that action and were represented by competent counsel. Mr. Clayton was repeatedly advised by his counsel that action to complete the foreclosure would be taken, and he did nothing. Mrs. Clayton does not show lack of notice of any of these matters.

The original plaintiffs in the foreclosure action are not parties to this suit, nor are they, or any one interested in the trust being foreclosed, complaining as to what was done. Plaintiffs exercised their rights to prevent the earlier termination of the foreclosure. Plaintiffs were not overreached, and no fraud was practiced upon them.

The assignment of the mortgage to Mr. Evans and the procedure followed thereafter did not create the situation about which plaintiffs complain. Everything that happened in the original action could have and, on the showing here made, would have happened, had the assignment not been made. It was proper for the trial court to permit the action to proceed, after the assignment, in the name of the original party. Comp. St. 1929, sec. 20-322.

After courts, having jurisdiction, have determined issues presented and the time for direct action has expired, litigants who have been indifferent thereto cannot successfully maintain a collateral action to set aside those proceedings so that they can present in the original action issues which could have been raised in the regular course of that litigation. It is a maxim that "Equity aids the vigilant, not those who slumber on their rights."

We find nothing in this record to justify an equity court's granting the relief prayed. The judgment of the trial court is

AFFIRMED.