PAUL E. RHODES, APPELLANT, V. MAURICE SIGLER, APPELLEE.

109 N. W. 2d 731

Filed June 23, 1961. No. 35029.

*Paul E. Rhodes, W. H. Kirwin,* and *Clayton H. Shrout,* for appellant.

*Clarence A. H. Meyer,* Attorney General, and *Cecil S. Brubaker,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SIMMONS, C. J.

This is a habeas corpus action. Relator is being held in custody at the penitentiary. The respondent is the warden of the penitentiary. The trial court denied re-

lease from custody of the relator. He appeals. We affirm the judgment of the trial court.

The relator is a defendant in a felony case pending in the district court for Morrill County. Following a series of actions and conduct in the courts of and for Morrill County, the district court there found relator guilty of contempt of court and sentenced him to confinement in the Nebraska State Penitentiary for a period of 9 months at hard labor, Sundays and holidays excepted, and to pay a fine of $2,500 and costs.

Relator then filed a petition in error and a transcript of the proceedings in this court. In that case on motion of the relator we suspended the execution of the judgment and directed the district court for Morrill County to admit the relator to bail. This order was issued December 23, 1960.

In the meantime on November 25, 1960, the clerk of the district court for Morrill County had issued an order to the sheriff of Morrill County to execute the sentence and order of the court. On January 23, 1961, the sheriff delivered the relator to the penitentiary where he is now held.

Relator here argues that he was tried for contempt in his absence and that no order was issued for the arrest of the relator by the trial court. He contends that the order of commitment was unauthorized and that he is being held under a sentence of the trial court which has been suspended by this court.

The district court for Lancaster County issued an order to show cause. Hearing was had on the question of whether a writ should be issued. The issuance of the writ was denied. This is an appeal from that denial.

Relator apparently has elected not to ask to be admitted to bail. His petition in error here presented questions which arose prior to his delivery to the penitentiary.

The jurisdiction of the cause is in this court in the error proceedings from Morrill County. The trial court

properly refused to issue a writ under the rules stated in McFarland v. State, *ante* p. 251, 109 N. W. 2d 397: It is the general rule that a court is without jurisdiction where it attempts by habeas corpus to interfere with the exercise by another court of jurisdiction theretofore acquired, whether such jurisdiction is acquired in another habeas corpus proceeding or on appeal, or otherwise, unless the prior jurisdiction has been terminated. A writ of habeas corpus can be granted only by a court having jurisdiction, and the exercise of power to grant the writ cannot be used to unsettle valid legal proceedings, or to interfere with the exercise of jurisdiction of other courts.

We need not determine here whether the issuance of the order of commitment on November 25, 1960, was regular or irregular. As to that the rule is: If the proceedings subsequent to conviction are erroneous, such errors can be reviewed and corrected by proceedings in error in the regular course of the law, but not by the writ of habeas corpus. In re Application of Cole, 103 Neb. 802, 174 N. W. 509.

We think it clear that from the 21st of November 1960, when the contempt judgment was rendered, the relator was subject to be taken into custody and held pending further orders of the court. Our order suspending the sentence did not suspend liability to that custody save and until the relator was admitted to bail. Relator is now being held in custody pending the determination of error proceedings from Morrill County. He is not being held as one serving the sentence imposed in that action.

It appears from this showing that the sheriff had full authority under the provisions of section 29-1001, R. R. S. 1943, to hold relator in a "secure and convenient place of confinement." If there is error in the determination it is a matter to be corrected in an error proceeding and not in habeas corpus. It has long been the rule that: The writ of habeas corpus is not a writ for the

correction of errors, and will not be allowed to be used for that purpose.  In re Application of Cole, *supra.*

The judgment of the district court for Lancaster County is affirmed.

AFFIRMED.