**In the Matter of the Disbarment of Paul E. RHODES.**

**No. 18371.**

United States Court of Appeals Eighth Circuit.

Jan. 6, 1967.

---

**412**

Paul E. Rhodes, argued pro se and filed typewritten brief.

Russell J. Blumental, Asst. U. S. Atty., Omaha, Neb., stated facts to the Court but filed no brief.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges, and NICHOL, District Judge.

NICHOL, District Judge.

This is an appeal from the District Court for the District of Nebraska. The appellant, Paul E. Rhodes, was disbarred from practicing law in that court and seeks reversal of the judgment of disbarment.

Rhodes was admitted to practice in the State of Nebraska on June 23, 1943. Without discussing the substantial amount of litigation which has preceded this action,[1] the ultimate facts as shown by the record are as follows: Rhodes has been a member of the Bar of the United States District Court for the District of Nebraska since July 27, 1943. In 1964, a judgment of disbarment was entered against the appellant by the Nebraska Supreme Court, State ex rel. Nebraska State Bar Ass'n. v. Rhodes, 177 Neb. 650, 131 N.W.2d 118.

Upon learning of the state action, the federal district court, pursuant to local rule 5(k), entered an order suspending Rhodes and requiring him to show cause within five days why he should not be disbarred in that court. Rhodes filed a written response and a hearing was held before a three judge panel, at which Rhodes appeared and presented arguments and evidence in his own behalf. The court found Rhodes had failed to establish by any competent or credible evidence that the order of suspension be vacated and set aside. An order of disbarment was filed on January 26, 1966.

Briefly stated, Rhodes now asserts that the Nebraska state court disbarment and the Nebraska federal court disbarment are void for lack of due process because both the prosecution and the judges were and are members of the Nebraska Bar Association and hence he was tried by his accusers; that the conviction of contempt

1. Mattice v. Meyer, 353 F.2d 316 (8th Cir. 1965); Rhodes v. Jones, 351 F.2d 884 (8th Cir. 1965), cert. denied 383 U.S. 919, 86 S.Ct. 914, 15 L.Ed.2d 673 (1966); Rhodes v. Van Steenberg, D.C., 225 F. Supp. 113, aff'd. 334 F.2d 709 (8th Cir. 1964), cert. denied 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964); Rhodes v. Meyer, D.C., 225 F.Supp. 80, aff'd. 334 F.2d 709 (8th Cir. 1964), cert. denied 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964); Rhodes v. Houston, D.C., 202 F. Supp. 624, aff'd. 309 F.2d 959 (8th Cir. 1962), cert. denied 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719 (1963); Rhodes v. Sigler, 172 Neb. 439, 109 N.W.2d 731 (1961), cert. denied 369 U.S. 848, 82 S.Ct. 931, 8 L.Ed.2d 8 (1962).

in the Nebraska state district court (upon which the Nebraska Supreme Court disbarment was primarily based) was determined to be void by the United States District Court for the District of Kansas and is entitled to full faith and credit in the United States District Court for the District of Nebraska; that denial of a trial by jury in the federal disbarment proceedings was a violation of due process of law; that denial of an attorney in the state and federal disbarment proceedings was a denial of due process of law; that the proceedings as conducted would result in an automatic disbarment; and that petitioner is denied freedom of speech and freedom to petition the government.

We feel that the questions raised by the appellant Rhodes have no merit.

■■■ The constitutionality of the integrated bar has been recognized by the United States Supreme Court. Lathrop v. Donohue, 367 U.S. 820, 81 S.Ct. 1826, 6 L.Ed.2d 1191 (1961); cf. Railway Employes' Department v. Hanson, 351 U.S. 225, 76 S.Ct. 714, 100 L.Ed. 1112 (1956). Any court which has the power to admit attorneys to practice has the authority to disbar or discipline attorneys for unprofessional conduct. Mattice v. Meyer, 353 F.2d 316, 318 (8th Cir. 1965); Conley v. United States, 59 F.2d 929 (8th Cir. 1932). The mere fact that the members of the court are also members of the integrated bar of Nebraska does not result in a denial of due process to a Nebraska attorney brought before it in disciplinary or disbarment proceedings, nor does it disqualify the judges sitting therein.

The Kansas decisions have no bearing on the appeal before this court, and will not be considered.

■■■ The federal courts do not have jurisdiction to review an order of a state court disbarring an attorney for personal and professional misconduct. Gately v. Sutton, 310 F.2d 107, 108 (10th Cir.

1962). Nor does disbarment by federal courts automatically follow disbarment by state courts. Theard v. United States, 354 U.S. 278, 282, 77 S.Ct. 1274, 1 L.Ed. 2d 1342 (1957); Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1916). The principles enunciated in Selling v. Radford, supra, govern the federal courts in this regard. Thus, the effect of the absence of "fair private and professional character" resulting from the judgment of the state court must stand unless one or more of the following conditions appear from an intrinsic examination of the state record:

"1. That the state procedure, from want of notice or opportunity to be heard, was wanting in due process;

2. [T]hat there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on our part that we could not, consistently with our duty, accept as final the conclusion on that subject; or

3. [T]hat some other grave reason existed which should convince us that to allow the natural consequences of the judgment to have their effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice, we were constrained to do so." Selling v. Radford, 243 U.S. at 51, 37 S.Ct. at 379.

The appellant Rhodes was given ample opportunity in the federal disbarment proceedings to bring himself within the conditions of Selling v. Radford, supra. The record reflects that he has failed to do so.

■ We are convinced that Rhodes had a fair and proper hearing in both the state court and the federal district court. The decision of the United States District Court for the District of Nebraska is hereby

Affirmed.