STATE OF NEBRASKA EX REL. SOUTHEAST RURAL FIRE PROTECTION DISTRICT ET AL., APPELLEES, V. WILLIAM GROSSMAN ET AL., APPELLEES, BENNET RURAL FIRE PROTECTION DISTRICT, A MUNICIPAL CORPORATION AND BODY POLITIC, ET AL., INTERVENERS-APPELLANTS.

197 N. W. 2d 398

Filed May 12, 1972. No. 38208.

William L. Walker and Earl Ludlam, for interveners-appellants.

Paul Douglas and Marti, O'Gara, Dalton & Bruckner, for appellees.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and WARREN, District Judge.

CLINTON, J.

This is an appeal by the interveners from an order overruling their motion for new trial following the issuance of a peremptory writ of mandamus by the district court for Lancaster County directing the county commissioners of Lancaster County, Nebraska, respondents in this mandamus proceeding, to comply with the judgment of the court in a prior proceeding in error, wherein the respondents were defendants. The prior error proceedings involved the review by the district court of an order of the board of county commissioners approving the merger of the Southeast Rural Fire Protection District and the Bennet Rural Fire Protection District. There are many questions raised by the interveners in this appeal but it is necessary to decide only one as that is determinative of the matters involved. Before that question is stated it will be useful to recite some of the background of the case.

In the year 1968 pursuant to the provisions of sections 35-514 and 35-516(2), R. R. S. 1943, petitions to

initiate the merger of the two fire protection districts were filed with the county clerk of Lancaster County, Nebraska. Thereafter following a hearing before the county commissioners that body entered an order approving the merger. That order was entered on December 17, 1968. We gather from the record that similar petitions had been filed with the county clerk of Otoe County in which at least part of one of the districts lies, but we are not here concerned with those proceedings.

From the order of the board of county commissioners of Lancaster County proceedings by petition in error were brought to the district court for Lancaster County. In that proceeding Siefert et al., interveners in this case, were petitioners in error and the relators herein, Ehlers et al., were defendants as were the two fire protection districts and the county commissioners who are respondents in this mandamus proceeding. Ehlers et al., and the interveners are residents and persons who have property assessed for taxes in one or the other of the two districts. Some of the interveners are officers of the Bennet district and successors to persons who were as such predecessor officers, parties in the error proceedings. Thus all parties to this mandamus action were parties to or virtually represented in the error proceedings.

In those proceedings many attacks were made upon the legality of the approval of the merger. Those included sufficiency of signatures to the petitions; inaccuracy of descriptions and boundaries; sufficiency of the certifications; legality of the action of the board of the districts; inadequacy or lack of notice of meetings; whether or not petitioners had withdrawn their signatures from the petition; deficiencies in the order of the county commissioners approving the merger; and others.

In the error proceedings the court entered judgment on October 15, 1970, in which it found it had jurisdiction of the parties and the subject matter; the order

of the county board was a final and appealable order; the board of county commissioners was not a state agency subject to the provisions of sections 84-901 to 84-919, R. R. S. 1943; and the "Order was not in proper form and failed to include the boundaries of the merged districts and that no proper written Order was filed in the office of the County Clerk. IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that these proceedings be, and hereby are, remanded to the Lancaster County Board of Commissioners and that such Board enter an appropriate order in conformity with Section 35-514, R. R. S. 1943, as amended, and that same be filed in the office of the County Clerk of Lancaster County, Nebraska."

The above order was not appealed from and became final. The county commissioners took no steps to comply with the order. The relators then brought this action to compel compliance. First an alternative writ and later a peremptory writ of mandamus were issued directing compliance. The interveners were denied intervention in the case until the commissioners announced that they would not appeal from the order overruling their motion for a new trial and then they were permitted to intervene for the purposes of this appeal. Denial of their earlier right to intervene is one of the assignments of error made here and which we do not decide because we will assume but not hold that they had a right to intervene. In their motion to intervene they raised substantially the same issues as were raised in the proceeding in error, and in addition alleged that the governing body of the Bennet Fire Protection District on September 2, 1970, enacted a resolution revoking its earlier resolution approving the petition, finding that the merger was in the best interest of the district, and transmitting the petition and the attachments to the county clerk. It is to be noted that the alleged revocation resolution was enacted while the error proceedings were pending and when jurisdiction

had already passed to the district court.

It is apparent that what the interveners seek to do in this mandamus action is to attack the judgment rendered in the error proceedings from which they did not appeal and the enforcement of which judgment is the purpose of this mandamus action. It appears to us that this appeal should be disposed of upon either of two principles: (1) Collateral estoppel preventing the interveners from attacking a judgment which is not void, or (2) res judicata. The general distinctions between collateral estoppel and res judicata are succinctly stated in Slater v. Skirving, 51 Neb. 108, 70 N. W. 493. If we view the mandamus proceeding as a cause of action separate from that which rose out of the merger proceedings and culminated in the judgment in the district court in the review on the petition in error then the attack is collateral and only a void judgment is subject to collateral attack. "Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or reversed or modified or by a proceeding in equity to prevent its enforcement, the attack is a 'collateral attack.'" County of Douglas v. Feenan, 146 Neb. 156, 18 N. W. 2d 740, 159 A. L. R. 569. See, also, Restatement, Judgments, § 11a, p. 65. The judgment of the district court in the error proceedings was not void. That court had both jurisdiction of the subject matter and the parties, and it so found. Where the court has jurisdiction of the parties and the subject matter its judgment is not subject to collateral attack. Stanton v. Stanton, 146 Neb. 71, 18 N. W. 2d 654; Wistrom v. Forsling, 144 Neb. 638, 14 N. W. 2d 217; Clayton v. Evans, 137 Neb. 574, 290 N. W. 447; School Dist. D. v. School Dist. No. 80, 112 Neb. 867, 201 N. W. 964; Restatement, Judgments, § 10(1), p. 57; 49 C. J. S., Judgments, §§ 401, 402, pp. 792, 798.

On the other hand, the mandamus action may be properly viewed as simply a method of execution of

the previous judgment after it became final. State ex rel. Warren v. Raabe, 140 Neb. 16, 299 N. W. 338; State ex rel. Campbell v. Slavik, 144 Neb. 633, 14 N. W. 2d 186. When it is so viewed then the principle of res judicata seems to apply because the prior judgment is the foundation of the mandamus action and the mandamus a mere extension of it. We place our decision on grounds of res judicata. The applicable principle is that: "The conclusiveness of a prior judgment precluding subsequent litigation of the same cause of action between the same parties is much broader in its application than a determination of the questions actually involved in the prior action; the conclusiveness of the judgment in such case extends not only to matters actually determined but also to other matters which properly could have been raised and determined and those which were necessarily adjudicated or necessarily implied in the final judgment, whether formally raised or not." Norlanco, Inc. v. County of Madison, 186 Neb. 100, 181 N. W. 2d 119. See, also, 50 C. J. S., Judgments, § 598, p. 16.

Interveners rely upon the proposition that mandamus does not lie to compel discretionary action of a board and this is of course correct. However, the approval of the merger by the board ended its discretionary powers. The direction of the court by its judgment to the board to recite the boundaries of the merged districts did not involve discretion. It must be borne in mind that the proceedings were for the merger of two existing districts whose boundaries were already fixed. The recital in an appropriate order of the boundaries of the merged districts was therefore only a formal matter not involving discretion.

AFFIRMED.