STATE OF NEBRASKA EX REL. TOM CASSELMAN ET AL., APPELLANTS, V. JAMES L. MACKEN, COUNTY JUDGE, ET AL., APPELLEES.

235 N. W. 2d 867

Filed December 11, 1975. No. 39890.

Bertrand V. Tibbels, for appellants.

Leonard G. Tabor, II, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The plaintiffs have appealed from an order of the District Court dismissing both a petition for a writ of habeas corpus and a petition for a writ of mandamus. The habeas corpus action sought the return of plaintiffs' son who had been placed in a foster home by order of a juvenile court. The mandamus action sought to compel the county court to furnish the plaintiffs, as a part of a

transcript, certain reports received by the court which were designated by statute as privileged reports. The cases were combined for trial and appeal.

In November 1973, a juvenile court petition was filed alleging that plaintiffs' 15-year-old son, George Casselman, was a "child in need of special supervision." The proceeding was based upon the charge that on October 31, 1973, George was a minor in possession of liquor. On November 14, 1973, hearing was held on the petition. The parents were present with their son. He admitted the allegations and the court entered judgment finding that George Casselman was a child in need of special supervision. The court continued the dispositional portions of the hearing to a later date. On January 4, 1974, with all parties present, the matter came on for dispositional hearing. The court ordered plaintiffs' son to continue to reside in the plaintiffs' home subject to the supervision of the probation office, and ordered the dispositional portion of the hearing continued until the further order of the court.

On January 31, 1974, a juvenile court petition supplement was filed charging that George Casselman was a child in need of special supervision and delinquent by reason of an assault by him on January 19, 1974, on a named individual. The assault also constituted a violation of his probation under the order of January 4, 1974. On March 14, 1974, hearing was had on the supplemental petition. George and the plaintiffs were again present with retained counsel. The juvenile, by his counsel, admitted the allegations of the petition. The court entered judgment finding George Casselman to be a child in need of special supervision. On April 3, 1974, all parties and their counsel were again present and the case came on for dispositional hearing. The court ordered that until further order of the court, George Casselman be placed in a foster home. The order directed that he be placed in the care, custody, and control of the Scotts Bluff County division of pub-

lic welfare, with joint supervision of the probation officer, and set conditions and restrictions on his conduct. The order provided that if the terms and conditions of the orders were not met, the case would be subject to review and further action by the court.

On June 14, 1974, a social service worker filed an affidavit alleging various acts of misconduct and violation of the conditions of the order of April 3, 1974, by the juvenile; that the foster parents were unwilling to have him return to their home; and that it was necessary to have him placed in juvenile detention facilities. The court on that date ordered the juvenile detained in the juvenile detention facilities in Scottsbluff. On June 17, 1974, the court ordered that the juvenile be placed in the Nebraska Children's Home Society with care, custody, and control under the Scotts Bluff County division of public welfare, with joint supervision with the probation office.

On August 22, 1974, a motion was filed in the juvenile court proceedings by plaintiffs to set aside the judgments and orders previously entered on the ground that they were wholly void because the juvenile statutes were unconstitutional in that they deprived plaintiffs of the custody of their child without fault on their part, and that the juvenile statutes of Nebraska were so vague and ambiguous as to be wholly void and unconstitutional. The motion was denied by the juvenile court on October 29, 1974.

On November 21, 1974, the petitions for writs of habeas corpus and mandamus involved here were filed in the District Court for Scotts Bluff County. On November 29, 1974, hearing was held and on November 30, 1974, the District Court dismissed both petitions and this appeal followed.

Habeas corpus is a collateral proceeding and cannot be used as a substitute for an appeal. Nicholson v. Sigler, 183 Neb. 24, 157 N. W. 2d 872, cert. den. 393 U. S. 876, 89 S. Ct. 174, 21 L. Ed. 2d 148. It is apparent in

this case that no appeal was taken from any order of the juvenile court within the requisite time for appeal. In Nebraska every dispositive order in a juvenile proceeding that rests on an adjudication of delinquency is an appealable order. State v. Belding, 190 Neb. 646, 211 N. W. 2d 715. It is not necessary, however, that we determine in this proceeding whether or not the parents of a minor adjudged to be a juvenile delinquent are entitled to appeal from that order for their own interests. The issues raised by the plaintiffs in the habeas corpus proceeding here had already been raised in the juvenile court by their motion to set aside its judgments, and the plaintiffs here did not attempt to appeal from the order of the juvenile court overruling the motion. Instead, the habeas corpus and mandamus actions involved here were filed.

A judgment or dispositive order of a juvenile court is supported by the usual presumptions of validity and regularity. The proceedings leading to a final judgment or order in the juvenile court cannot be inquired into on a collateral attack such as habeas corpus but are assailable only in a direct proceeding. A collateral attack upon a judgment will not lie unless the judgment is absolutely void. Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack because the judgment is only voidable and not void. See, State ex rel. Southeast Rural Fire Protection Dist. v. Grossman, 188 Neb. 424, 197 N. W. 2d 398; Restatement, Judgments, § 11, p. 65.

It is unnecessary to determine whether or not the constitutionality of the underlying juvenile court statutes which support the judgment here may be raised in a collateral attack. No issues of procedural due process are involved here. Plaintiffs had notice and were present at each hearing. The only basis upon which the plaintiffs claim the juvenile court judgments were void rests upon allegations that the juvenile court statutes of Nebraska are so vague and ambiguous as to be un-

constitutional. That assertion has already been answered by this court adversely to plaintiffs' contention. See, State v. Cialkowski, 193 Neb. 372, 227 N. W. 2d 406; State v. Simants, 182 Neb. 491, 155 N. W. 2d 788.

The mandamus action here was brought in support of the habeas corpus action, is also a collateral attack upon the judgments and orders of the juvenile court, and also rests upon an attack on the constitutionality of a portion of the juvenile court statutes. What has been said with respect to the habeas corpus action applies with equal validity to the mandamus action. Additionally, the mandamus action only sought to obtain a part of a transcript in support of the habeas corpus appeal. This court will refuse to pass upon the constitutionality of a statute or a rule promulgated by a court unless it is necessary for a proper disposition of an action pending in this court. Vodehnal v. Grand Island Daily Independent, 191 Neb. 836, 218 N. W. 2d 220. It is unnecessary here.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.