NEIL W. SCHILKE, INDIVIDUALLY AND AS TRUSTEE, APPELLANT, V.
SCHOOL DISTRICT NO. 107 ET AL., APPELLEES.

299 N.W.2d 527

Filed December 12, 1980. No. 43028.

Sidner, Svoboda, Schilke, Wiseman & Thomsen for appellant.

James B. Gessford of Perry, Perry, Witthoff & Guthery for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, District Judge.

HASTINGS, J.

The plaintiff, Neil W. Schilke, individually and as trustee, a landowner in Saunders County, Nebraska, filed a petition for declaratory judgment, seeking a

determination that a freehold transfer of a tract of land from one school district to another was invalid. The defendants are School District No. 107, School District No. 105, the Saunders County superintendent of schools, the county treasurer, and the county assessor. Plaintiff and all defendants except for School District No. 105 filed motions for summary judgment. The District Court for Saunders County, Nebraska, overruled plaintiff's motion and granted defendants' motion, dismissing plaintiff's petition. The plaintiff has appealed from the overruling of his motion for a new trial, with the following assignments of error: (1) The decision that the transfer was effective is contrary to the facts and the law; (2) The legal description in the petition was insufficient to effect a transfer; (3) The freehold board cannot transfer land without the prior approval of the county board; (4) The petition was based on a statute which was repealed without a savings clause before the action on the petition was filed; and (5) The county officials are estopped to deny the truth of a factual representation made to plaintiff. For the following reasons, we affirm.

The facts are not in controversy. On April 11, 1968, Frank Stepanek, a single man, conveyed to Victor and Judith Stepanek, by warranty deed, a tract of land located in the southeast quarter of the southeast quarter of Section 32, Township 17, Range 8, Saunders County, Nebraska, described by metes and bounds as follows: "Commencing at the Southeast (SE) corner of Section 32, Township 17, Range 8, in Saunders County, Nebraska, thence North 553 feet to the point of beginning; thence West 458 feet; thence North 190 feet; thence East 458 feet; thence South 190 feet to the place of beginning."

On August 1, 1969, Victor and Judith Stepanek filed a freeholder's petition with the Saunders County superintendent of schools, seeking a transfer of their property from School District No. 105, a nonaccredited Class I district, to School District No. 107, an accredited

Class II district. The petition described the property as: "The Southeast Quarter (SE ¼) of the Southeast Quarter of Sec. 32, T. 17 R. 8, Thence North 553 feet to the point of beginning; thence West 458 feet; North 190 feet; thence East 458 feet; thence South 190 feet." Obviously, the description omitted the words "Commencing at the Southeast corner of." Other than that, the petition on its face was in compliance with Neb. Rev. Stat. § 79-403(1) and (2) (Reissue 1966), alleging that children of high school age resided on the property; however, school records indicate that, in August of 1969, the Stepaneks had only one child of school age and that child's date of birth was May 8, 1962.

On August 4, 1969, L.B. 1378, 1969 Neb. Laws, C. 710, §§ 1-4, became effective, and changed the law governing freehold transfers so that land could be transferred from a nonaccredited district to an accredited district if there were children of "school age" rather than of "high school age." The hearing on the petition was held, pursuant to published notice, on August 20, 1969, and the petition was approved that date by the freehold board. The records of the county superintendent, the county assessor, and the county treasurer all indicate that after 1969 the property was located and taxed in School District No. 107.

The plaintiff, Schilke, purchased the land in question on August 27, 1977. Prior to purchase of the land, Schilke attempted to ascertain in which school district the property was located, and his secretary was informed by someone in the office of the county superintendent that the property was located in School District No. 105. A Saunders County map of school districts, printed as of September 1, 1975, shows Section 32 to be in School District No. 107, with the exception of two areas which, although not conclusively described, approximate the southeast quarter of the southwest quarter, and the southeast quarter of the southeast quarter. After Schilke learned that the

property was located in School District No. 107, he filed this petition for declaratory judgment, seeking to have the 1969 freehold transfer declared invalid.

Where a judgment is attacked in a way other than a proceeding in the original action to have it vacated, reversed, or modified, or a proceeding in equity to prevent its enforcement, the attack is a "collateral attack." *County of Douglas v. Feenan*, 146 Neb. 156, 18 N.W.2d 740 (1945); *State ex rel. Southeast Rural Fire P. Dist. v. Grossman*, 188 Neb. 424, 197 N.W.2d 398 (1972). Only a void judgment is subject to collateral attack. *Stanton v. Stanton*, 146 Neb. 71, 18 N.W.2d 654 (1945); *Davis Management, Inc. v. Sanitary & Improvement Dist. No. 276*, 204 Neb. 316, 282 N.W.2d 576 (1979).

It is well settled that where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *State ex rel. Southeast Rural Fire P. Dist., supra*. This rule is not limited to courts of general jurisdiction, and has been held to apply to administrative boards and tribunals acting in a quasi-judicial capacity. *Cacek v. Munson*, 160 Neb. 187, 69 N.W.2d 692 (1955). See, also, Neb. Rev. Stat. § 25-1901 (Reissue 1979) and *School Dist. No. 49 v. Kreidler*, 165 Neb. 761, 87 N.W.2d 429 (1958).

We have recognized the distinction between want of jurisdiction and error in the exercise of jurisdiction. "'Where jurisdiction has once attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, and until set aside it is valid and binding for all purposes and cannot be collaterally attacked.'" *Cacek* at 198-99, 69 N.W.2d at 699, quoting 33 C.J. *Judgments* § 39 (1924).

The issue, therefore, is whether the freehold board had jurisdiction of the subject matter and the parties. The plaintiff had argued that the petition alleged that

the children were of high school age and this was a misstatement of fact on which the board relied. The plaintiff further argued that the petition was filed under Neb. Rev. Stat. § 79-403 (Reissue 1966) before its amendment and, therefore, the old law applies, and the petitioners could not have been granted the transfer because their child was of school age rather than high school age, even though the new law would grant them relief.

It is the rule in this jurisdiction that the sufficiency of a petition is not the test of jurisdiction. "'Even though the court commits error in holding it sufficient if it had jurisdiction, such holding will not subject the judgment rendered to collateral attack.'" *Wistrom v. Forsling*, 144 Neb. 638, 641-42, 14 N.W.2d 217, 219 (1944), quoting *Logan County v. Carnahan*, 66 Neb. 693, 95 N.W. 812 (1903).

"Whether the facts stated in the petition constituted a cause of action and entitled the plaintiffs to relief, was a judicial question which the trial court had authority to consider and decide; and it is a universal principle — an axiom of law — that where a court has jurisdiction of both the subject-matter and the parties, power to decide implies authority to decide either way — to reach either a right or a wrong conclusion — and, in conformity therewith, to pronounce a judgment that will be conclusive upon the litigants and those in privity with them, unless reversed, vacated or modified in an appellate or other direct proceeding instituted for that purpose. The sufficiency of the petition is not a test of jurisdiction; although it may be defective in substance it will support a judgment if the court has authority to grant the relief demanded and the facts upon which the demand is based are intelligibly set forth." *Dryden v. Parrotte*, 61 Neb. 339, 340-41, 85 N.W. 287, 287-88 (1901). See, also, *Wistrom, supra.*

Plaintiff complains that the description contained in the petition and notice was incomplete and insuf-

ficient to confer jurisdiction on the freehold board or to authorize transfer of the subject property. "[A]n error in the description will not invalidate the petition [to alter a school district boundary] where it is clear from a reading of the entire petition what land is intended." 78 C.J.S. *Schools and School Districts* § 37 at 702 (1952). A petition for the formation of a school district which describes the boundaries by the name of the farms is sufficient. *DeHaven v. Hardinsburg G. C. S. D. No. 4,* 164 Ky. 511, 175 S.W. 994 (1915).

The records introduced into evidence disclosed that Frank Stepanek owned the entire 40 acres described as the southeast quarter of the southeast quarter of Section 32, except for the 190 feet by 458 feet tract of land conveyed to Victor and Judith Stepanek, and which was the subject of the transfer to School District No. 107. The description in the petition was sufficient to clearly identify the property involved, and the freehold board gained jurisdiction of the parties and the subject matter when that petition was filed, pursuant to § 79-403(1) and (2) (Reissue 1966). Notice was given; a hearing was held; and the board authorized the transfer from School District No. 105 to School District No. 107, a matter certainly within its authority and jurisdiction. That judgment became final, and cannot at this time be collaterally attacked because any defect in the petition neither voids the judgment nor robs the board of its jurisdiction.

Nevertheless, plaintiff insists that the deed from Frank Stepanek to Victor and Judith Stepanek, and the ordered transfer by the freehold board of the land in question to School District No. 107, was a subdivision of land within the meaning of Neb. Rev. Stat. §§ 23-372 to 377 (Reissue 1962), in effect at the time. Because such "subdivision" was accomplished without first having been approved by the Saunders County board, the plaintiff reasons that all proceedings were void. However, there is no evidence in the record that the Saunders County board had adopted "comprehen-

sive and uniform platting and subdivision regulations." Section 23-376 provided that "The provisions of sections 23-373 to 23-377 shall not apply in any county . . . until the county board of such county has duly adopted comprehensive and uniform platting and subdivision regulations . . . ." Therefore, approval of the "subdivision" was not required in this instance.

Another assertion of the plaintiff is that the petition was filed on August 1, 1969, and, since § 79-403 (Reissue 1966) was repealed and reenacted, effective August 4, 1969, by L.B. 1378, with no specific savings clause, there remained no statutory authority for the original filing. He further asserts no hearing could be held on the then unauthorized petition, and the petition should have been refiled to comply with the new law. In support of these assertions, the plaintiff cites *Clark v. Sweet*, 187 Neb. 232, 188 N.W.2d 889 (1971). However, that case merely stands for the proposition that a pending petition before an administrative board is not a "pending action" within the meaning of the general savings statute, Neb. Rev. Stat. § 49-301 (Reissue 1978). That case indicated that the statute in effect at the time of the hearing was applicable, rather than the statute in effect at the time of the filing. Further, *Clark, supra*, did not hold that the petition must be refiled under the new statute in order for the board to maintain its jurisdiction, and we find no reason to hold so now.

Finally, the issue of equitable estoppel is raised. This is based on plaintiff's statement that his secretary was told by someone in the county superintendent's office that this particular property was in School District No. 105, and that a map prepared by the county superintendent's office could be interpreted as supporting that statement. There seems to be no disagreement that the official records in the office of the county superintendent, as well as in the offices of the county assessor and the county treasurer, revealed that the property in question was transferred to School District

No. 107 in 1969. There is nothing in the record to support a finding that the statement made by the unknown employee in the county superintendent's office was authorized. As a matter of fact, the evidence is to the contrary. "The general rule is that while ordinarily a municipality may not be estopped by unauthorized conduct, representations, promises or pledges of the officers, it may, within the limitation of its legal powers, be estopped by its *official acquiescence in, and approval of, acts originally unauthorized.*" *May v. City of Kearney*, 145 Neb. 475, 489, 17 N.W.2d 448, 457 (1945) (emphasis supplied).

"No estoppel of a municipality can grow out of dealings with public officers of limited authority. A municipality is not estopped by the unauthorized acts of its officer or agent." *City of Cozad v. Thompson*, 126 Neb. 79, 84, 252 N.W. 606, 608 (1934). If the representations were made, which we must assume for the purposes of this appeal, there is nothing in the record to suggest "official acquiescence in, and approval of," the same.

The plaintiff's assignments of error are without merit, and the order and judgment of the District Court were correct and are affirmed.

AFFIRMED.