EVERETT SILEVEN, APPELLANT, V. FRED TESCH, APPELLEE.

326 N.W.2d 850

Filed November 24, 1982. No. 82-668.

Charles E. Craze of Gibbs & Craze Co., and David Kimble of Souchek & Kimble, for appellant.

Paul L. Douglas, Attorney General, Harold Mosher, and Ronald D. Moravec, Cass County Attorney, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

This is an appeal from an order by the District Court for Cass County, Nebraska, denying appellant Everett Sileven's request to be released from incarceration, sought pursuant to a writ of habeas corpus. For reasons more particularly set out in this opinion, we affirm the judgment of the trial court.

The State of Nebraska brought suit against Faith Baptist Church and Sileven, seeking to enjoin the operation of an elementary and secondary school because there had not been compliance with the school laws of the State of Nebraska. Following trial to the court, the trial court granted the injunction sought by the state and an appeal was taken to this court. On appeal this court affirmed that decision. *State ex rel. Douglas v. Faith Baptist Church,* 207 Neb. 802, 301 N.W.2d 571 (1981). The appellants in that case then appealed to the U.S. Supreme Court, which dismissed the case for want of a substantial federal question. *Faith Baptist Church of Louisville, Nebraska v. Douglas,* 454 U.S. 803, 102 S. Ct. 75, 70 L. Ed. 2d 72 (1981).

Even though such an injunction had been entered, Sileven and the Faith Baptist Church continued to operate the school. It was by reason of this willful disregard of the court's order that Sileven was found to be in contempt of court on May 6, 1981. The trial court ordered that Sileven could purge himself by closing the school after completion of the term, no

later than May 30, 1981, or by complying with state law.

On September 11, 1981, Sileven was once again found to be in contempt of court, and the school and church were ordered locked except when used for church services. Sileven filed a notice of appeal from that order to this court. However, because no briefs were filed, the appeal was dismissed on March 11, 1982, pursuant to the rules of this court. *State ex rel. Douglas v. Faith Baptist Church,* No. 81-726.

Notwithstanding the fact that Sileven had twice been found in contempt of court and ordered to discontinue the operation of the school, he disregarded the court's order and continued to operate the school. On February 18, 1982, the District Court again found that Sileven was in contempt of court and ordered that he be confined in the Cass County jail for a period of 4 months unless the school was closed or the school complied with the necessary school laws of the State of Nebraska. Sileven did not appeal from that order, and the order of the court finding him in contempt of court and sentencing him to jail for a period of 4 months became final and binding. Sileven was then incarcerated in the Cass County jail and served 13 days. He thereafter filed an affidavit under oath, claiming to have "severed all connections, duties and responsibilities in the operation of the Faith Baptist School . . . ." It therefore appearing to the trial court that Sileven was no longer involved with the school, he was released from jail.

Despite Sileven's sworn statement, however, he was shortly thereafter reelected administrator of the school, and he reopened the school on April 19, 1982. Following a hearing held on May 5, 1982, the District Court for Cass County, Nebraska, found Sileven in contempt of court for failing to comply with an order of the court dated September 11, 1979, which en-

joined Sileven and other named defendants from operating the Faith Baptist Church school until such time as they had complied with state laws governing the operation of the school. The court ordered Sileven confined to the Cass County jail for a period of 3 months and 17 days, the sentence to begin on September 1, 1982. Sileven once again did not appeal from that judgment, and the order finding him in contempt of court and directing him to be incarcerated, again, became final and binding. On September 3, 1982, Sileven was incarcerated pursuant to the order.

On September 17, 1982, Sileven filed a petition in the District Court for Cass County, Nebraska, seeking the issuance of a writ of habeas corpus, alleging that his incarceration was unlawful in that he was "ordered to complete the jail term without opportunity to purge himself of the contempt." The District Court denied the petition and an appeal to this court was taken. It is this appeal which is now before us.

This appeal must be dismissed because Sileven's attempt to use the writ of habeas corpus to cause a review of his incarceration is not proper. Sileven is attempting to collaterally attack the judgment by seeking a writ of habeas corpus. In *Schilke v. School Dist. No. 107,* 207 Neb. 448, 451, 299 N.W.2d 527, 529-30 (1980), we said: "Where a judgment is attacked in a way other than a proceeding in the original action to have it vacated, reversed, or modified, or a proceeding in equity to prevent its enforcement, the attack is a 'collateral attack.' *County of Douglas v. Feenan,* 146 Neb. 156, 18 N.W.2d 740 (1945); *State ex rel. Southeast Rural Fire P. Dist. v. Grossman,* 188 Neb. 424, 197 N.W.2d 398 (1972). Only a *void* judgment is subject to collateral attack. *Stanton v. Stanton,* 146 Neb. 71, 18 N.W.2d 654 (1945); *Davis Management, Inc. v. Sanitary & Improvement Dist. No. 276,* 204 Neb. 316, 282 N.W.2d 576 (1979).

"It is well settled that where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *State ex rel. Southeast Rural Fire P. Dist., supra.* . . .

"We have recognized the distinction between want of jurisdiction and error in the exercise of jurisdiction. ' "Where jurisdiction has once attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, and until set aside it is valid and binding for all purposes and cannot be collaterally attacked." ' " (Emphasis supplied.)

It has long been the rule in this jurisdiction that habeas corpus is a collateral proceeding and as such cannot be used as a substitute for an appeal or proceedings in error. *Schleuter v. McCuiston,* 203 Neb. 101, 277 N.W.2d 667 (1979); *State ex rel. Casselman v. Macken,* 194 Neb. 806, 235 N.W.2d 867 (1975); *Case v. State,* 177 Neb. 404, 129 N.W.2d 107 (1964); *Rhodes v. Sigler,* 172 Neb. 439, 109 N.W.2d 731 (1961), *cert. denied* 369 U.S. 848, 82 S. Ct. 931, 8 L. Ed. 2d 8 (1962); Annot., 33 A.L.R.3d 448 (1970).

Furthermore, in *Piercy v. Parratt,* 202 Neb. 102, 105-06, 273 N.W.2d 689, 691 (1979), we said: "We have consistently held that to release a person from a sentence of imprisonment by habeas corpus it must appear that the sentence was absolutely void. Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose, unless the sentence has been fully served and the prisoner is being illegally held. Jackson v. Olson, 146 Neb. 885, 22 N.W.2d 124; Gamron v. Parratt, 199 Neb. 163, 256 N.W.2d 867."

Unless, therefore, it can be said that the trial court

in this case did not have either jurisdiction of the offense or jurisdiction over the person of the defendant, and the sentence was within the power of the court to impose, the writ of habeas corpus is not available to Sileven. It is for that reason that we have previously held that judgments of contempt are subject to review by habeas corpus only on the limited question of the trial court's jurisdiction, power, or authority to adjudicate the contempt. *Rhodes v. Sigler, supra; Umphenour v. Van Hoosen,* 121 Neb. 870, 236 N.W. 762 (1931); *In re Havlik,* 45 Neb. 747, 64 N.W. 234 (1895); Annot., 33 A.L.R.3d 589 (1970).

Sileven does not question that the court had jurisdiction over either the subject matter of this action or over the person. His argument is not that the judgment was void, but only that it was erroneous. Because Sileven twice failed to appeal to this court from the trial court's judgment and order finding him in contempt and ordering him incarcerated, thereby waiving his right of review, he is not now permitted to seek review of those matters by this writ of habeas corpus.

Though the argument is not entirely clear as made by Sileven, it appears that he continues to argue to us that his first amendment rights have been violated. Although Sileven acknowledges that he has previously been before this court and a decision was rendered in the case of *State ex rel. Douglas v. Faith Baptist Church,* 207 Neb. 802, 301 N.W.2d 571 (1981), Sileven argues that the constitutional issue was not there decided. We are totally at a loss to understand how he may reach that conclusion. Our decision in the *Faith Baptist* case specifically provides in part as follows at 809, 301 N.W.2d at 576: "Defendants' [Sileven et al.] contention as to violation of their first and ninth amendment rights will be considered together, because the question involved in both is the extent to which the State can, if at all,

restrict these rights in the interest of assuring all children a quality basic education." After announcing that we were considering Sileven's contention that his first and ninth amendment rights were violated, our opinion in *Faith Baptist* found that his first and ninth amendment rights were not being violated. That issue, insofar as it affects Sileven and the Faith Baptist Church, is no longer an open question in this jurisdiction, and our decision in *Faith Baptist* has declared the law in this jurisdiction, no matter what anyone may argue to the contrary. Our decision is final and binding. We have already found that Sileven and the Faith Baptist Church do not have a first amendment right to ignore the state's school laws. It is Sileven's choice to continue violating the lawful orders of the court which has resulted in his being held in contempt of court. We specifically found that the state's right to regulate schools, including the Faith Baptist Church school, was a reasonable regulation and did not impose an unreasonable burden upon Sileven's religious beliefs, nor violate his first or ninth amendment rights. Sileven is simply wrong if he believes that he may consistently and continually flout the law by merely declaring that it is contrary to his religious beliefs, no matter how sincerely held. The extent to which the state must set aside its laws in order to accommodate religious beliefs is not to be determined, under our form of government, by the individual but, rather, by the court; and once this is determined by the court, as it has been in this matter, it may not be ignored or rejected by the individual without subjecting the individual to appropriate penalties. That is simply not the way in which a legal system in a democracy must, of necessity, operate. Those tactics are better suited for those who would promote anarchy.

A writ of habeas corpus not being available to Sileven in this case, the trial court was correct in

rejecting the request. The judgment is therefore affirmed.

AFFIRMED.

CLINTON, J., concurring in the result.

I concur in the result and with the opinion except the next to the last paragraph. Habeas corpus is not a substitute for an appeal, nor is it a permissible form of collateral attack except on a judgment that is wholly void. The opinion in *State ex rel. Douglas v. Faith Baptist Church,* 207 Neb. 802, 301 N.W.2d 571 (1981), may well have been erroneous, but it is not void.