IN RE FREEHOLDERS PETITION OF JOSEPH PISCHEL ET AL. JOSEPH PISCHEL ET AL., APPELLEES, v. MARVIN W. KREYCIK ET AL., APPELLANTS.

167 N. W. 2d 388

Filed April 25, 1969. No. 37093.

McFadden & Kirby, for appellants.

Moyer & Moyer, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is a proceeding for the transfer of land from one school district to another. The trial court found that the transfer was in accordance with section 79-403 (1), R. R. S. 1943. The objectors have appealed.

Joseph Pischel and Carol Pischel filed a freeholder's petition to transfer lands owned by them and described in the petition from School District No. 83R of Verdigre to School District No. 1R of Niobrara, both in Knox

County, Nebraska. After notice and hearing, the statutory board denied the petition. An appeal was taken to the district court for Knox County which, after trial, entered its decree detaching petitioners' lands from the Verdigre school district and attaching them to the Niobrara district.

The record shows that the Pischels are the owners of the land described. There are three children of school age residing on a portion of the land with their parents. At the time of trial in January 1968, one child was in the fifth grade, one in the fourth grade, and one in the second grade. The Pischel lands are located in the school district of Verdigre which adjoins the school district of Niobrara. The Pischel land also adjoins the Niobrara district. The distance from the petitioners' home to the schoolhouse in Verdigre, measured by the shortest distance on section lines or traveled roads open to the public is 22 miles. The distance from petitioners' home to the schoolhouse in Niobrara, measured by the shortest distance on section lines or traveled roads open to the public, is 15 miles. By petitioners' customary and most practicable route, the distance from their home to the schoolhouse in Niobrara is 18.4 miles, which is over hard-surfaced roads.

Each school district maintains kindergarten through the eighth grade and a fully accredited high school in the respective towns of Verdigre and Niobrara. The Verdigre school district also maintains a one-room, one-teacher school for kindergarten through the sixth grade, which is 5 miles from the home of the petitioners. Both school districts are Class III, fully accredited districts. Bus routes of both districts pass the home of the petitioners. It is apparent that the bus route of the Verdigre district is arranged primarily for bus service to the school in Verdigre. If petitioners' children rode the Verdigre bus to the one-room K-6 schoolhouse, they would arrive at school at 7:30 a.m., 1 hour before classes start, and the bus would not arrive to return petitioners'

children to their home until some 2 hours after school is dismissed.

This case turns on the application of section 79-403, R. R. S. 1943. The applicable portion of that section provides: "* * * The petition shall state the reasons for the proposed change and show: (a) That the land therein described is either owned by the petitioner or petitioners or that he or they hold a school land lease under section 72-232, are in possession or constructive possession as vendee under a contract of sale of the fee simple interest, or have made an entry on government land but have not yet received a patent therefor; (b) that the land is located in a district that adjoins the district to which it is to be attached; (c) that the territory proposed to be attached has children of school age residing thereon with the parents or guardians; and (d) *either* that they are each more than two miles from the schoolhouse in their own district, and at least one half mile nearer to the schoolhouse or a school bus route of the adjoining district, which distance shall be measured by the shortest route possible upon section lines or traveled roads open to the public or that the route to the schoolhouse in the adjoining district is more practicable and, for at least half its distance, over hard-surfaced roads *and* the distance to the schoolhouse in the adjoining district *does* not exceed the distance to the schoolhouse in their own district by more than six miles or that they have personally paid tuition for one or more of their children to attend school in the other district over a period of two or more consecutive years, *or* that * * *." (Emphasis ours.)

Section 79-403, R. R. S. 1943, was extensively amended in 1963. Subsection (1)(d) was amended again in 1965. The 1965 amendments added the word "either" as the first word of subsection (d); deleted a semicolon and the words "Provided, that," and substituted the word "and" immediately following the words "hard-surfaced roads"; and changed the word "shall" to "does." The word "or"

was added following the words "consecutive years." The changes between the 1963 and 1965 statute to which we refer are reflected by italics in the 1965 statute quoted above.

We construed the 1963 proviso involving the 6-mile distance or the payment of tuition in Johnson v. School Dist. of Wakefield, 181 Neb. 372, 148 N. W. 2d 592. We there held that payment of tuition did not provide an independent and sole ground for tranferring land from one school district to another under the 1963 statute.

The basic difficulty in construing subsection (1)(d) of the 1965 statute is in determining whether the various requirements of that subsection were intended to be cumulative or alternative. Legislative history indicates that the 1965 amendments of section 79-403 (1)(d), R. R. S. 1943, were intended to clarify the Legislature's intention, and make the requirements of that subsection alternative rather than cumulative. Obviously, the effort at clarification was not wholly successful. In the absence of appropriate punctuation or numbering, it is difficult to interpret a sentence of seventeen printed lines, to say the least.

Under the interpretation which we apply, we hold that the provision of section 79-403, R. R. S. 1943: "or that they have personally paid tuition for one or more of their children to attend school in the other district over a period of two or more consecutive years," is an independent alternative ground, under section (1)(d), for transferring land from one school district to another.

The petitioners had paid a total of $240 tuition for the school years 1966-67, and 1967-68, to the Niobrara school district. The first payment was June 15, 1966, and the last payment January 11, 1968. No other amounts had been charged or paid. The appellants contend that the tuition paid did not equal the per pupil cost in the Niobrara district, and that this evidence does not establish payment of tuition for 2 years. Section 79-445, R. R. S. 1943, provides in part: "The school board or board of

education may also admit nonresident pupils to the district school, may determine the rate of tuition of the pupils, and shall collect such tuition in advance." We think the evidence here established that the petitioners have personally paid tuition to the Niobrara district over a period of 2 or more consecutive years, whether "years" be interpreted to mean school years or calendar years.

The appellants also contend that only the 2½ acres of land designated as tract No. 1, on which the residence and buildings are located, is entitled to transfer in any event. This tract is a part of approximately 180 acres owned by petitioners in Section 25, although the small 2½-acre tract was purchased separately. Petitioners also own 92.44 acres of land in the adjoining Section 30, which was included in the petition and the decree. This land is separated from the land in Section 25 by less than half a mile.

The statutes do not require that the land or territory being transferred must be contiguous nor adjoining. Neither do they require that the land or territory be limited to a single parcel. Subsection (1)(c) of section 79-403, R. R. S. 1943, specifically requires that "the territory proposed to be attached has children of school age residing thereon * * *." As we said in McDonald v. Rentfrow, 176 Neb. 796, 127 N. W. 2d 480: "The Legislature has here seen fit to allow an owner to have his entire unit of property, in adjoining districts, taxed in the district where his children are to be educated."

There is no evidence or contention that the 92-acre tract in Section 30 is not a part of the petitioners' farm unit. The contention that land to be transferred must be limited to the smallest legally describable area on which the children actually reside would result in a completely chaotic application of the statute.

In view of these conclusions, it is not necessary to decide which schoolhouse is "the" schoolhouse where there are two or more schoolhouses in a single school district.

The judgment of the district court was correct and is affirmed.

AFFIRMED.