IN RE FREEHOLDER'S PETITION OF CLARK.
FLORENCE G. CLARK ET AL., APPELLEES, V. VIOLET SWEET, APPELLANT.

188 N. W. 2d 889

Filed July 16, 1971. No. 37809.

Wilson, Barlow & Watson, for appellant.

William W. Griffin and Edward E. Hannon, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This case was tried in the district court for Holt County and argued and briefed in this court together with

Kaup v. Sweet, *ante* p. 226, 188 N. W. 2d 891, and contains similar issues. The result is different, however, because we determine that L.B. 798, Laws 1969, c. 711, § 1, p. 2732, is the version of section 79-403 which is applicable. In this case the board denied the application and the district court on appeal granted the application. We reverse the judgment of the trial court.

The petitioners sought to transfer land owned by them from Class I School Districts Nos. 22 and 86 and from accredited Class VI School District No. 25, within which districts Nos. 22 and 86 are located, to accredited Class II School District No. 44. This transfer was requested under the provisions of subsection (1) of section 79-403.

Both versions of subsection (1) of section 79-403 contain the following provision: "If the land sought to be transferred pursuant to this subsection *is also situated* in a Class VI school district, the land shall not be set off from such Class VI district unless the requirements of subsection (2) of this section have also been met." (Emphasis supplied.)

In this case, the petition was filed on September 24, 1969, and was denied by the board on October 14, 1969. The petition therefore was filed during the effective dates of L.B. 1378, Laws 1969, c. 710, § 1, p. 2727, but not acted upon until L.B. 798 was in effect.

Subsection (2) of L.B. 798 provides only for transfers from "a *nonaccredited* Class I, II, III or VI district in which" the land is situated. The express language of the act as well as its legislative history clearly indicate that where the Class I district is located within an accredited Class VI district no transfer is permitted unless the requirements of subsection (2) are met. Subsection (2) of L.B. 798 provides for the transfer of land only from a nonaccredited Class VI district. The petitioners themselves asked for transfers both from the Class I districts and the accredited Class VI district. Legislative history of which we take judicial notice also shows that Class I districts located within Class VI districts are

to be treated differently than the Class I district not so located. The legislative purpose seems to have been to protect the territorial integrity of an accredited Class VI district.

The appellant Sweet argues that L.B. 798 is applicable because section 79-403 in all its versions is only a procedural statute and does not grant any substantive rights and that therefore the repeal of L.B. 1378 by L.B. 798 makes the provisions of L.B. 798 applicable. The appellees contend that their "cause of action" accrued with the filing of the petition with the board and that the general savings statute, section 49-301, R. R. S. 1943, preserves their "cause of action" under L.B. 1378.

It seems clear to this court that section 79-403 gives both a right and prescribes procedure. Without section 79-403 in some form the petitioners would have no right at all to affect school district boundaries. The right granted is then substantive as distinguished from adjective or procedural. However, the real question is not so much whether the right given is substantive, but rather is it such a right that once the petitioners have taken the initial steps to implement this right can the Legislature take it away from them?

The term "right" has a "wide scope of meaning in its various legal applications and it has no satisfactory definition or explanation except in connection with some concrete conception of the thing out of which it grows." 77 C. J. S., Right, p. 390. The authorities we have cited in Kaup v. Sweet, *supra,* clearly indicate that the inhabitants of school districts have no vested rights in the territorial integrity of school districts. The power of the Legislature is plenary. Such rights as are granted by the statutes can be terminated by the Legislature up until the time the board had acted and the boundary changes had been actually accomplished. Even then the boundaries could be changed by subsequent legislative act.

The question to be answered then becomes one of de-

termining the kind of right to which section 49-301, R. R. S. 1943, is applicable. What pending actions did the Legislature intend to preserve? Section 49-301, R. R. S. 1943, is as follows: "Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute."

It is to be observed that the savings act applies to actions pending and causes of action not in suit that have accrued. This court had occasion to construe the general savings act in State ex rel. City of Grand Island v. Union Pacific R.R. Co., 152 Neb. 772, 42 N. W. 2d 867. The court there said: "The word 'actions,' in a legal sense, has been defined as 'a judicial proceeding for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.' Webster's New International Dictionary."

The filing of the petition with the board was not the commencement of a judicial proceeding. When L.B. 1378 was repealed, therefore, there was no judicial proceeding pending. Did the appellees have an accrued cause of action under L.B. 1378 at the time it was repealed? We hold that because of plenary power of the Legislature in school boundary matters they did not. This precise question was before the Supreme Court of Wisconsin in State ex rel. Sanderson v. Amundson, 236 Wis. 523, 295 N. W. 691. The general savings act in that case contained the following language: "or rights of action accrued under such statute before the repeal thereof." In that case the petitioner had made application to have land detached from a school district. The board having jurisdiction had denied the application. The petitioner then appealed to an appeals board as provided by statute. Before the order of the appeals board was entered its function was abolished by the Legislature. The petitioner claimed his cause of action or special proceeding was saved by the general savings statute.

The court held otherwise, saying that the savings statute did not apply and that the proceeding before the appeals board was not an "action" within the meaning of the statute.

Since L.B. 798 was the applicable statute and did not authorize transfers from an accredited Class VI district, the trial court erred in allowing the petition. The judgment of the trial court is reversed and the cause remanded with directions to dismiss the petition.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.