IN RE FREEHOLDER'S PETITION OF KAUP.
FRED B. KAUP ET AL., APPELLEES, v. VIOLET SWEET, APPELLANT.
188 N. W. 2d 891

Filed July 16, 1971. No. 37810.

Wilson, Barlow & Watson, for appellant.

William W. Griffin, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This action grows out of an appeal to the district court for Holt County from an order of the board established by subsection (2) of section 79-403, approving a freeholder's petition for change of school district boundaries. The district court affirmed the action of the board except as to one noncontiguous tract.

During the course of the procedures before the board in this matter and three other similar proceedings, appeals in which were tried together in the district court and argued and briefed together in this court, section 79-403, R. R. S. 1943, was amended by the 1969 Legislature. Two amendments are pertinent. L.B. 1378 with the emergency clause became effective August 4, 1969. L.B. 798 with the emergency clause amended L.B. 1378 and became effective September 30, 1969, and then became section 79-403, R. S. Supp., 1969. One of the questions in each of the four cases is which version of the statute is applicable.

In this case the petitioning freeholders requested certain lands described in the petition be transferred from Class I School District No. 22 and Class VI School District No. 25 to Class II School District No. 44. School District 22 is not an accredited grade school district located within accredited high School District No. 25. School District No. 44 is accredited. The petition requesting the transfer was filed with the board August 11, 1969. Notice was published and at a hearing on August 27, 1969, the transfer was approved. It is to be noted that the filing of the petition and the action of the board allowing the transfer all occurred during the time L.B. 1378 was in force.

The appellant makes four assignments of error: (1) Section 79-403, R. S. Supp., 1969 (L.B. 798), should have been held to be controlling; (2) if L.B. 1378 is controlling, then the court should have found that statute unconstitutional because it creates an unreasonable and arbitrary classification in violation of Article III, sec-

tion 18, Constitution of Nebraska, and violates the equal protection clause of the Fourteenth Amendment, section 1, to the Constitution of the United States; (3) the court should have found that the evidence and the petition for transfer did not satisfy the requirments of whichever version of the statute is applicable; and (4) the court should not have permitted more than one tract of land to be transferred. We treat the assignments in order.

As far as is pertinent to the first assignment, the two versions of the statute are as follows: L.B. 1378 provides, ". . . asking to have any tract of land described therein set off from *any* Class I, II or VI school district prior to January 1, 1970, or any time from a nonaccredited Class I, II, III or VI district in which it is situated and attached to an accredited district in the county of the residence of the petitioner or an adjoining county thereto." (Emphasis supplied.) L.B. 798 provides, ". . . asking to have any tract or tracts of land described therein set off from a nonaccredited Class I, II, III or VI district in which it is situated and attached to an accredited district in the county of the residence of the petitioner or an adjoining county thereto."

The basis of the appellant's claim of the applicability in this case of L.B. 798, which was not enacted until after the proceedings on the petition before the board were complete, is not clear. However, it must be that the trial court ought to have applied the later version which was in effect when the case was tried in the district court. This argument must be rejected. The question is one of separation of powers. Establishing school district boundaries is purely a legislative matter. De Jonge v. School Dist. of Bloomington, 179 Neb. 539, 139 N. W. 2d 296; Johnson v. School Dist. of Wakefield, 181 Neb. 372, 148 N. W. 2d 592. In this case the Legislature has delegated that power to the board. The courts can only review the action to see that the statutory requirements are met. The trial court could not act under L.B. 798

as this statute was not in effect when the board acted on the petition. Initial action by the court under L.B. 798 would have been the exercise of a legislative function.

L.B. 1378 authorizes the filing of a petition "asking to have any tract of land described therein set off from *any* Class I, II of VI school district prior to January 1, 1970." (Emphasis supplied.) If, therefore, there is no constitutional impairment of this provision and the other requirements of subsection (2) are met, then both the action of the board and the decree of the court affirming the action of the board were proper.

Is L.B. 1378 unconstitutional because it creates an arbitrary classification or denies equal protection of the law? As already noted, the Legislature has plenary power over the boundaries of school districts. This court has held that the Legislature may act in this matter without the consent or even over the protest of the residents of the districts and may even destroy the districts. De Jonge v. School Dist. of Bloomington, *supra.* It would seem therefore that any claim of a constitutional violation in the exercise of this legislative power must be very clear. In accordance with the usual rule doubts must be resolved in favor of the constitutionality of the statute. Terry Carpenter, Inc. v. Wood, 177 Neb. 515, 129 N. W. 2d 475.

On the matter of classification the argument of the appellant essentially is that granting to landowners, etc., of property on which children of school age reside in Class I, II, and VI districts, accredited or not, the right to transfer land and not permitting the same privilege to persons in Classes III, IV, and V districts (all of which operate both grade and high schools and differ only in population), is essentially arbitrary because, by removing the requirement that the transfer be from a non-accredited to an accredited district, the Legislature has removed the sole basis which justified the classification and this makes it local or special legislation for the benefit of the individual.

Appellant cites City of Scottsbluff v. Tiemann, 185 Neb. 256, 175 N. W. 2d 74. In that case this court held unconstitutional a statute creating municipal judgeships in a group of cities, the class of which was closed by limiting its operation to those cities having certain population limits as determined by the 1960 census. Assuming but not deciding that the principle there announced may be applicable to school districts, it is not in point here. We take judicial notice of the legislative history of L.B. 1378, as we may. Omaha Nat. Bank v. Jensen, 157 Neb. 22, 58 N. W. 2d 582. That history indicates that the objective of the Legislature in enacting this particular version of section 79-403 was to promote the educational interests of the school children involved by permitting voluntary transfers under appropriate conditions of land on which school children reside to the district where they attend school, and also to encourage and promote the enlargements of districts having a kindergarten through twelfth grade program. It is to be noted that the transfer must still be made to an accredited district. These are certainly legitimate legislative purposes and this court cannot say that the classification complained of will not promote these legitimate aims. McDonald v. Rentfrow, 176 Neb. 796, 127 N. W. 2d 480. In the last-cited case this court said: "A provision in a statute allowing an owner of land in two adjoining school districts to have his property in one district transferred to another district so that his whole unit of property is taxed in the district where his children are to be educated is not an unreasonable classification and is based upon a real and substantial difference in situation." We see no essential difference in the situation in McDonald v. Rentfrow, *supra,* and that involved here.

This and many other courts have said that subject to express constitutional limitations the power of the Legislature over the creation and alteration of school districts is plenary and may be exercised without the con-

sent and even over the protest of the inhabitants of the district. Halstead v. Rozmiarek, 167 Neb. 652, 94 N. W. 2d 37; 78 C. J. S., Schools and School Districts, § 27, p. 663; Board of Education v. Winne, 177 Neb. 431, 129 N. W. 2d 255.

The appellant argues that the time limitation on transfer, to wit: "prior to January 1, 1970," closes the class of persons who may take advantage of the provision. This assumes that no changes could take place in the classes of persons during the period. This is patently a false assumption. Obviously the same arguments could be made in a case where a statute is enacted and shortly thereafter repealed. Such repeal in the absence of a savings clause limits the application of the law to the period of its existence. L.B. 1378 was in fact repealed by L.B. 798 with the emergency clause effective September 30, 1969.

The appellant's contention re the equal protection clause of the United States Constitution is answered by the following language from Hunter v. City of Pittsburgh, 207 U. S. 161, 28 S. Ct. 40, 52 L. Ed. 151, quoted with approval in Halstead v. Rozmiarek, supra: "'Although the inhabitants and property owners may by such changes suffer inconvenience, and their property may be lessened in value by the burden of increased taxation, or for any other reason, they have no right, by contract or otherwise in the unaltered or continued existence of the corporation or its powers, and there is nothing in the Federal Constitution which protects them from these injurious consequences.'"

The appellant cited no cases and we have found none in which a statute such as this has been held to have violated any of the constitutional provisions relied upon. We hold that L.B. 1378 was constitutional.

An examination of the record in this case shows that all pertinent requirements of subsection (2) of section 79-403 as amended by L.B. 1378 were complied with.

L. B. 1378 provided for the transfer of "any tract of

land." All the land of the appellees was contiguous except one piece. This the trial court eliminated, apparently holding that to meet the requirements of the statute "any tract" all the land must be contiguous. This we believe was correct. Separation of the land by roads or highways did not constitute more than one tract. See Pischel v. Kreycik, 184 Neb. 332, 167 N. W. 2d 388. The term "tract" imports contiguity. The terms "any land" and "the territory" which were considered in Pischel v. Kreycik, *supra*, did not carry any such implication.

AFFIRMED.