IN RE FREEHOLDER'S PETITION.
DAROLD L. HOFFMAN, APPELLEE, V.
ARTHUR ALLEN ET AL., APPELLANTS.

317 N.W.2d 91

Filed March 19, 1982. No. 43875.

Luebs, Dowding, Beltzer, Leininger & Smith for appellants.

John R. Brogan of Brogan, McCluskey & Wolstenholm for appellee.

Heard before BOSLAUGH and WHITE, JJ., and BUCKLEY and CANIGLIA, District Judges, and RONIN, Retired District Judge.

CANIGLIA, District Judge.

The petitioner filed a freeholder's petition before the freeholder board seeking transfer of certain real estate from school district No. N-3, known as the Benedict district. A hearing held before the freeholder board resulted in an order granting the freeholder's petition and approving the transfer of the real estate. The District Court affirmed the action of the board granting the transfer, and this appeal by certain taxpayers followed.

This matter is triable de novo in this court.

Statutory authority for transferring land from one school district to another is set forth in Neb. Rev. Stat. § 79-403 (Reissue 1976).

If we determine that all of the statutory requirements have been complied with, we must then further determine whether the transfer of the land from one district to another is in the best educative interest of the child or children involved. See, *Friesen v. Clark*, 192 Neb. 227, 220 N.W.2d 12 (1974); *Klecan v. Schmal*, 196 Neb. 100, 241 N.W.2d 529 (1976).

The appellants contend that the petitioner has failed to meet the requirements of § 79-403, and specifically allege that the petitioner has failed to prove that he has paid tuition to the Polk district as required by said statute. Section 79-403, among other conditions, requires petitioner to have personally paid tuition for one or more of his children attending school in the other district (in this case, the Polk district) for a period of 2 or more consecutive years.

The evidence before the court establishes that the petitioner paid his son's tuition in the amount of $147.50 for the school year of 1977-78, and a like amount for 1978-79. In the 1979-80 school year, the petitioner paid the sum of $2,869.44 in tuition fees. Appellants contend that the tuition payments for school years 1977-78 and 1978-79 in the sum of $147.50 per year are not equal to the per pupil cost of students attending the Polk district, and that said payment therefore does not constitute payment of tuition as required by the statute, and, therefore, the petitioner has failed to meet the requirements of § 79-403.

We disagree with this contention. Section 79-403 is silent as to the amount or manner of computing the tuition payments. Appellants rely upon Neb. Rev. Stat. § 79-4,102(2) (Reissue 1976), which provides in part: "The high school tuition rate for nonresident pupils shall be determined annually by the receiving district on a uniform basis for all pupils but such rate shall in no event be less than the average per pupil cost for the preceding school year determined as provided in subsection (3) of section 79-486." However, this statute is a part of Neb. Rev. Stat. §§ 79-495 to 79-4,105 (Reissue 1976), which is a statutory scheme for providing a public high school education to children whose parents or guardians reside in a public school district which does not maintain a 4-year high school. Such tuition is generally not paid by the parents or guardian of the student. Those statutes are not applicable here where both school districts maintain a public high school. Rather, Neb. Rev. Stat. § 79-445 (Reissue 1976) is applicable, and provides in pertinent part: "The school board or board of education may also admit nonresident pupils to the district school, may determine the rate of tuition of the pupils, and shall collect such tuition in advance." No particular method of determining the rate of tuition is spelled out; therefore, it is left to the discretion of the board of education. Therefore, the establishment and the amount of tuition required to be paid by a student are the sole

responsibility of the board of education of the Polk School District. Petitioner paid the amount of tuition set by the board of education of the Polk School District. No evidence was offered that the action of the school board was improper, illegal, or fraudulent, or that the petitioner in any way contributed or influenced the school board in an unlawful or improper manner. We hold, therefore, that the petitioner has met the tuition requirements of § 79-403. See *Pischel v. Kreycik*, 184 Neb. 332, 167 N.W.2d 388 (1969).

Having determined that the petitioner has met the statutory requirements by the payment of tuition for the required number of years, we next consider appellants' contention that the District Court erred in its finding and determination that the transfer was in the best educative interest of petitioner's son. An examination of the evidence discloses that the Polk district offered 65 courses, and in only 3 of these courses was the teacher not fully endorsed. There are 21 teachers on the teaching staff of Polk district. The superintendent, principal, and two of the teachers have master's degrees.

Petitioner's son was in the 11th grade at the time the petition was filed and in the 12th grade at the time of trial. Twelve of the 23 students in the class of petitioner's son have been together since kindergarten, and this period from kindergarten to the 11th grade (now 12th) constitutes most of the school career of petitioner's son. The son enjoys his associations in the Polk district and wants to remain there. Under similar circumstances, we have held keeping children in the same school district, with the same curriculum and with the same associations, is in the best educative interest of a child. See, *Miller v. School Dist. No. 69*, 208 Neb. 290, 303 N.W.2d 483 (1981); *Klecan v. Schmal*, *supra*.

We find no error in the judgment of the District Court, and it is affirmed.

AFFIRMED.