IN RE APPLICATION OF OCHSNER.
DUANE OCHSNER ET AL., APPELLEES, V. THE GLENWOOD TELEPHONE MEMBERSHIP CORPORATION, APPELLANT.

344 N.W.2d 632

Filed February 17, 1984. No. 82-658.

Charles W. Hastings, for appellant.

Conway and Connolly, P.C., for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from an order of the Nebraska Public Service Commission which approved an application to obtain local telephone service from the Juniata exchange of the Lincoln Telephone and Telegraph Company. The applicants reside in the adjacent Roseland exchange of The Glenwood Telephone Membership Corporation.

Several assignments of error are presented, but only one issue is involved, the effect of the amendment of Neb. Rev. Stat. § 75-613 (Reissue 1981) by 1982 Neb. Laws, L.B. 229, which law became effective July 17, 1982. See § 75-613 (Cum. Supp. 1982).

A short discussion of the factual setting is neces-

sary. On July 22, 1981, applicants, farmers and residents of the Glenwood telephone service area, filed an application for service from the Juniata exchange. Hearing was had and an order approving the application was entered by the commission on May 17, 1982. The Glenwood Telephone Membership Corporation filed a timely motion for rehearing. An order denying the motion for rehearing was filed on August 24, 1982.

Appellant, in effect, concedes, and the record supports, that the four requirements of § 75-613 (Reissue 1981) for a granting of the application were established by the applicants.

Essentially, the objection by applicants to the service offered by Glenwood is the toll charges they would have to incur whenever they would call members of the Juniata exchange, the applicants' primary community of interest. This court in *Reis v. Glenwood Telephone Membership Corp.*, 202 Neb. 187, 274 N.W.2d 539 (1979), held that where the subscribers' community of interest lay outside the service area, the necessity of using long-distance service regularly was sufficient evidence of inadequate service under § 75-613(1) (Reissue 1976).

The amended version of § 75-613(1) (Cum. Supp. 1982) reads as follows: "Upon the completion of the hearing on such an application, if a hearing is required, the Public Service Commission may grant the application, in whole or in part, if the evidence establishes all of the following: (1) That such applicant or applicants are not receiving, and will not within a reasonable time receive, reasonably adequate exchange telephone service from the company furnishing such service in the exchange service area in which the applicant or applicants reside or operate. *The fact that an applicant is required to pay toll charges for long distance telephone calls to an exchange service area adjacent to the territory in which the applicant resides or operates shall not be deemed to constitute inadequate exchange telephone*

*service from the company furnishing such service."*
(Emphasis supplied.)

It is obvious that if 1982 Neb. Laws, L.B. 229, was binding on the Public Service Commission on the date the final order was entered, this case must be reversed.

Involved here is Neb. Rev. Stat. § 49-301 (Reissue 1978): "Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute."

Appellant argues that § 49-301 does not apply, since no judicial proceeding was pending, and a cause of action for transfer of the territory under the repealed statute ceased to exist on July 17, 1982. While it is clear that § 49-301 applies to all civil, criminal, and administrative actions, there appears to be an inconsistency in Nebraska case law as to when an action is deemed "pending" within the meaning of the general saving statute in an administrative proceeding. Cf., *United Mineral Products Co. v. Nebraska Railroads*, 177 Neb. 802, 131 N.W.2d 388 (1964); *Kaup v. Sweet*, 187 Neb. 226, 188 N.W.2d 891 (1971); *Clark v. Sweet*, 187 Neb. 232, 188 N.W.2d 889 (1971); *Schilke v. School Dist. No. 107*, 207 Neb. 448, 299 N.W.2d 527 (1980).

To the extent that there are conflicts between these cases, we are of the opinion that *Kaup v. Sweet, supra*, and *Clark v. Sweet, supra*, represent the law in this jurisdiction. *Kaup* and *Clark* indicate that, for purposes of § 49-301, an administrative action is "pending" when the agency's final order is rendered.

In the instant case, as in *Kaup*, both the filing of the petition and the agency's final order occurred before the effective date of the respective repealing statutes. It was only by reason of the fact that a motion for rehearing was filed and not denied until August 24, 1982, that the question of which law ap-

plies arises at all. Had the Public Service Commission acted in overruling the motion for rehearing prior to the effective date of the repealing act, there is no question but that the repealing act would not have applied.

The filing of a motion for rehearing is not the reopening of the proceedings but merely an opportunity for the finder of fact to reexamine the correctness of the actions which have already been taken. That determination is made by looking back at the time the action is taken and not by looking at what has occurred after the date the order is entered. Ordinarily, a motion for rehearing is made for the purpose of directing attention to matters that were overlooked or mistakenly conceived in the original decision. Therefore, the petition contemplates reconsideration based upon the original record. *Atchison etc. Ry. Co. v. United States*, 284 U.S. 248, 52 S. Ct. 146, 76 L. Ed. 273 (1932); *Lambert Constr. Co. v. State*, 115 N.H. 516, 345 A.2d 396 (1975).

We therefore hold that § 75-613 (Reissue 1981), not § 75-613 (Cum. Supp. 1982), was the controlling law for the purposes of the appellees' application. The appellees, having met the requirements of the former statute, are entitled to an affirmance in this court.

AFFIRMED.

BOSLAUGH, J., concurs in the result.