BERNIECE E. MORRIS, APPELLANT, V. GREGG F. WRIGHT, DIRECTOR OF THE DEPARTMENT OF HEALTH, STATE OF NEBRASKA, APPELLEE.

381 N.W.2d 139

Filed February 7, 1986.   No. 85-188.

James L. Haszard of Zimmerman & Haszard, for appellant.

Robert M. Spire, Attorney General, and Marilyn B. Hutchinson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

The appellee, director of the Department of Health, through the department's predecessor, the Board of Examiners of Psychologists, denied the application of the appellant, Berniece E. Morris, a doctor of education licensed as a psychologist, to be certified as qualified to practice clinical psychology by virtue of being an existing practitioner. Dr. Morris then sued the board in district court, seeking a vacation of the denial and an order directing the requested certification. The district court dismissed Dr. Morris' petition. Dr. Morris' assignments of error in this court concern the district court's evidentiary rulings and its determination that its scope of review was limited to determining whether the administrative denial was arbitrary, capricious, or unreasonable. The director questions the jurisdiction of the district court, and consequently of this court, claiming that no contested hearing was had and that the board's decision was not final. We affirm.

Dr. Morris applied for the aforesaid certification on May 1, 1979, under the provisions of Neb. Rev. Stat. § 71-3836 (Cum. Supp. 1978), which provided:

After July 1, 1979, no licensed psychologist shall represent himself or herself as qualified to practice clinical psychology unless such psychologist has been certified by

the board as so qualified. Any licensed psychologist who was engaged in the full-time practice of clinical psychology as of December 1, 1976, and who has had two years of full-time clinical experience may apply not later than July 1, 1979, for certification without examination on the basis of his or her previous experience and licensure.

The statute is now found at Neb. Rev. Stat. § 71-1,226 (Cum. Supp. 1984) and was amended effective July 19, 1980, at which time the word "department" (meaning Department of Health) was substituted for the word "board." 1980 Neb. Laws, L.B. 958.

On her application Dr. Morris stated that from 1973 on she held the position of clinical supervisor and instructor in human services at Southeast Community College. She described this work as "[t]eaching college students academic psychology and technical communication skills; clinical supervision in mental health services, multidiplinary [sic] teams, multiple handicapped services, etc." The application form also recited that she conducted a private practice which included counseling on personal problems, marital concerns, and decisionmaking, as well as consultation on learning problems.

At its June 4, 1979, meeting, which Dr. Morris did not attend, the board decided to ask Dr. Morris for additional information. Dr. Morris thereupon caused her supervisor at Southeast Community College, Dr. Donald Holm, to write a letter to the board on her behalf. Dr. Holm stated therein that Dr. Morris taught various classes at Southeast Community College, including gerontology, abnormal psychology, group skills, basic casework skills, and beginning and advanced transactional analysis. Dr. Holm also stated that Dr. Morris spent approximately 15 hours per week supervising students at such sites as Lancaster Manor and the acute care unit at the Lincoln Regional Center. Dr. Holm further opined that Dr. Morris uses the skills expected of a clinical psychologist.

In addition, Dr. Morris wrote the board a letter in which she basically described her supervision of students, the assessment techniques she uses, and her consultations with other psychologists. By stipulation the parties agreed that none of the

Southeast Community College students Dr. Morris supervised on December 1, 1976, or the 2 years immediately preceding that date were psychology majors or graduate students.

By a letter dated January 2, 1980, Dr. Morris was notified that the board would meet on January 11, 1980,. and would review her application for clinical certification at that time. At this meeting, which Dr. Morris did not attend, the board unanimously decided to not grant Dr. Morris clinical certification, since she did "not appear to have been engaged in the full-time practice of clinical psychology as of December 1, 1976." Dr. Morris was informed of the board's decision by a letter dated January 17, 1980, which she received the following day.

On January 26, 1980, Dr. Morris telephoned Dr. Margaret Krusen, the board's chairwoman, questioning the denial. Dr. Krusen told Dr. Morris that she could submit further information which the board would consider at its next meeting. Dr. Morris elected instead to institute the subject suit.

The transcript does not contain the initial petition Dr. Morris filed in the district court and does not tell us when that petition was filed. However, since she received the board's notice of denial on January 18, 1980, the latest she could have seasonably initiated suit in the district court was February 18, 1980, the 17th being a Sunday. Neb. Rev. Stat. § 71-3823 (Cum. Supp. 1978). Since there is no claim that her filing was not timely nor that proper service was not obtained, we assume that Dr. Morris' initial petition was filed on or before February 18, 1980, and that she obtained appropriate service of summons upon it. Prior to and on February 18, 1980, § 71-3823 provided:

> Any person who feels aggrieved by reason of the suspension or revocation of his or her license, the denial of certification, or of the reprimand may file suit within thirty days after receiving notice of the board's order in the district court of the county of his residence, to annul or vacate the order of the board. The suit shall be filed against the board as defendant, and service of process shall be upon either the chairman or the secretary of the board. The suit shall be tried by the court without a jury

and shall be a trial de novo, but the burden of proof shall be upon the plaintiff assailing the order of the board. The judgment of the district court may be appealed to the Supreme Court of Nebraska in the same manner as other civil cases.

Effective July 19, 1980, the foregoing statute was amended so as to substitute the director of the Department of Health for the board and to designate said director as the defending party. The language concerning the district court's standard of review, however, remained unchanged. 1980 Neb. Laws, L.B. 958. The statute was repealed effective February 24, 1984, by 1984 Neb. Laws, L.B. 481.

Dr. Morris filed a second amended petition on September 8, 1981, and named the then director of the Department of Health as the defendant. Subsequently, the current director was substituted as the defendant. Dr. Morris alleges in her operative petition, insofar as is material to her assignments of error in this court, that the board's denial was without authority, as she made timely application under § 71-3836, was a licensed psychologist, was engaged in the full-time practice of clinical psychology on December 1, 1976, and had 2 years of full-time clinical experience. In his answer the director admitted that Dr. Morris had made timely application, that she was a licensed psychologist, and that on December 1, 1976, she had 2 years of full-time clinical experience. However, the director denied that Dr. Morris was engaged in the full-time practice of clinical psychology on December 1, 1976.

The trial before the district court was had on August 28, 1984, under an agreement that the court would later determine its scope of review and rule as to the admissibility of any evidence it received which had not been presented to the board.

At the district court trial Dr. Morris expressed the opinion that both her teaching duties and her private practice involved the assessment, diagnosis, and treatment of mental, emotional, and behavioral disorders. It was also her opinion that on December 1, 1976, she was engaged in the practice of clinical psychology.

Dr. Edward J. Jacobs testified that he was familiar with the curriculum at Southeast Community College and that, in his

opinion, the skills required for teaching at that institution were the same as those required for teaching at other colleges. It was also his opinion that Dr. Morris, on December 1, 1976, was engaged in the practice of clinical psychology.

Dr. Morris also introduced into evidence at the district court trial the applications of certain other psychologists who were teaching or acting as supervisors and were certified by the board as qualified to practice clinical psychology.

Dr. Krusen testified on behalf of the director. She stated that in reviewing applications for certification the board distinguished between supervisors of persons who were authorized to practice psychology and supervisors of persons who were not so authorized, the thought being that the former requires a higher level of training.

The director also, through Dr. Krusen, offered the June 1981 guidelines of the American Psychological Association. Dr. Krusen testified that although the particular document offered is dated June 1981, the guidelines contained therein are in substance the same as those considered by the board in 1979 and 1980 when reviewing Dr. Morris' application. According to these guidelines, the supervision of a functional unit through which clinical psychological services are provided constitutes the practice of clinical psychology.

In its decision of December 20, 1984, the district court, relying on *Scott v. State ex rel. Board of Nursing*, 196 Neb. 681, 244 N.W.2d 683 (1976), concluded that it was restricted to considering whether the order of the board was supported by substantial evidence or whether, on the contrary, its action was arbitrary, capricious, or unreasonable. Accordingly, the trial court excluded all evidence which had not been before the board, except for the 1981 APA guidelines, which the district court received in evidence.

We consider first the director's jurisdictional challenge. Neb. Rev. Stat. § 49-301 (Reissue 1984) provides, as it has at all relevant times: "Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute."

*In re Application of Ochsner*, 216 Neb. 480, 344 N.W.2d 632 (1984), establishes that an administrative proceeding is a "pending action" when the agency's final order is rendered. Thus, this proceeding was a pending action on January 17, 1980, the date on which the board denied certification to Dr. Morris. Therefore, the version of § 71-3823 in effect when Dr. Morris filed her initial petition applies to this action notwithstanding the statute's repeal prior to the district court's decision.

As noted earlier, the director's challenge rests on the claims that there had been no "hearing" before the board and that in any event the administrative decision was not final. No issue is raised as to the propriety of Dr. Morris' substituting the director of the Department of Health for the board after this action was commenced, and we therefore do not concern ourselves with that matter.

At the relevant time Neb. Rev. Stat. § 71-3821 (Reissue 1976) (since repealed, 1984 Neb. Laws, L.B. 481) provided for a hearing, at which evidence might be adduced before the board prior to a license being "suspended or revoked" or a "reprimand issued." When § 71-3823 was amended in 1978 to provide for judicial review of a denial of certification, no amendment was made to § 71-3821. Whatever may have been contemplated as the means of providing such an applicant due process of law, it is clear that the board considered it had enough information to act upon Dr. Morris' application at its January 11, 1980, meeting and to deny certification. The director cannot now be heard to complain that there was no "hearing." Nor is the director's position enhanced by Dr. Morris' rejection of the board's invitation to submit further information. Section 71-3823 made no provision for reconsideration of the board's denial such as to toll the time within which Dr. Morris was to institute a judicial challenge. Thus, the board lost any power it may have had to reconsider its decision once Dr. Morris filed her district court petition challenging the board's denial. See *Bockbrader v. Department of Insts.*, 220 Neb. 17, 367 N.W.2d 721 (1985), stating that the power of an administrative agency to reconsider its decision exists only until the aggrieved party files an appeal or the

statutory appeal time has expired.

Thus, the district court had jurisdiction to consider Dr. Morris' suit. Accordingly, the director's motion to dismiss this appeal must be, and hereby is, overruled.

In essence, Dr. Morris argues that the district court erred in receiving into evidence the June 1981 APA guidelines and in excluding from evidence the district court testimony of Drs. Morris and Jacobs and the evidence concerning other certified clinical psychologists.

We need not, however, address those evidentiary issues; neither do we need determine the district court's scope of review. This is so, for assuming, but not deciding, that the district court erred in admitting the 1981 APA guidelines and in excluding all the other evidence offered at the district court trial, and further assuming, but not deciding, that the district court should have tried the matter de novo, Dr. Morris is nonetheless not entitled to prevail.

Dr. Morris' claim that she met the same qualifications as did others who were certified as qualified to practice clinical psychology is, even if true, a matter we also do not decide, meaningless. The issue is whether Dr. Morris meets the requirements of § 71-3836 for certification as a clinical psychologist, not whether other individuals were improperly certified.

The dispositive fact is that although there is general opinion evidence that Dr. Morris has been engaged in clinical psychology, there is no evidence that teaching academic psychology and supervising students who are themselves not engaged in rendering clinical psychology services constitute the practice of clinical psychology. In the absence of such evidence, Dr. Morris cannot prevail whatever scope of review may be accorded the board's decision. See *Sanborn v. Weir et al.*, 95 Vt. 1, 112 A. 228 (1921) (burden of proof rests upon applicant for registration as a veterinary surgeon under grandfather clause).

The judgment of the district court is correct and is therefore affirmed.

AFFIRMED.

BOSLAUGH and CAPORALE, JJ., and COLWELL, D.J., Retired, concur in the result.