IN RE PLUMMER FREEHOLDER PETITION.
PATRICK STRUCKMAN ET AL., APPELLANTS, V. TOM J. PLUMMER,
JR., ET AL., APPELLEES.
IN RE MCGINLEY-SCHILZ COMPANY FREEHOLDER PETITION.
PATRICK STRUCKMAN ET AL., APPELLANTS, V. MCGINLEY-SCHILZ
COMPANY, A NEBRASKA CORPORATION, ET AL., APPELLEES.
IN RE DANA FARMS FREEHOLDER PETITION.
PATRICK STRUCKMAN ET AL., APPELLANTS, V. DANA FARMS, A
GENERAL PARTNERSHIP, APPELLEE.
IN RE MCGINLEY FREEHOLDER PETITION.
PATRICK STRUCKMAN ET AL., APPELLANTS, V. DONALD F.
MCGINLEY, APPELLEE.
IN RE L & W, INC., FREEHOLDER PETITION.
PATRICK STRUCKMAN ET AL., APPELLANTS, V. L & W, INC., A
NEBRASKA CORPORATION, APPELLEE.

428 N.W.2d 163

Filed August 19, 1988.  Nos. 86-833, 86-834, 86-835, 86-836, 86-837.

Patrick R. McDermott for appellants.

R. Kevin O'Donnell, of McGinley, Lane, Mueller, O'Donnell & Williams, P.C., and C. Kenneth Spady, of McQuillan & Spady, P.C., for appellees.

HASTINGS, C.J., CAPORALE, GRANT, and FAHRNBRUCH, JJ., and JOHN MURPHY, D.J.

FAHRNBRUCH, J.

Dispositive of these five cases is whether the appellants acted as individuals or as a school board when they appealed to the Keith County District Court to set aside the transfer of appellees' lands to a different school district.

The district court held that the appellants were acting as a school board. It further held that the school board had no standing to challenge the transfer of land from its school district to another. The trial judge affirmed the transfer of appellees' lands by the Keith County freeholder board and dismissed appellants' cases. Appellants then appealed to this court. The cases were consolidated for trial in the district court and for argument in this court. We affirm the trial court's decision in dismissing the cases.

Case law establishes that a school district is a body corporate which possesses the usual powers of a corporation for public purposes, and it may sue and be sued. However, it is the firmly established law of this state that a school district may not maintain an action involving a change in the boundaries of the school district. See, *School Dist. No. 46 v. City of Bellevue*, 224 Neb. 543, 400 N.W.2d 229 (1987); *In re Hilbers Property Freehold Transfer*, 211 Neb. 268, 318 N.W.2d 265 (1982); *Board of Education v. Winne*, 177 Neb. 431, 129 N.W.2d 255 (1964).

The appellants claim they were acting as individuals rather than as a board of education when they challenged the transfer of appellees' lands. They claim, therefore, the body of case law applying to school boards should not apply to them.

Appellees' freeholder petitions to transfer their land from school district No. 17 (Brule) to school district No. 1 (Ogallala) were approved by the Keith County freeholder board. The petitions were filed pursuant to Neb. Rev. Stat. § 79-403 (Cum. Supp. 1984). The freeholder board approvals were appealed to the Keith County District Court by the appellants, who comprise the entire board of education of school district No. 17.

In answer to those appeals, each appellee raised as an affirmative defense that the appellants were maintaining the appeals not as individuals, but as the board of education of the

Brule School District.

In arriving at its decision that the appellants were acting as a board of education and not individually, the trial court found in substance:

1. The six appellants comprised the entire board of education of the Brule School District. No other taxpayer of Brule appeared as a party to oppose the transfer of land.

2. The Brule school board voted on April 24, 1986, to retain a lawyer to oppose the freeholder petitions. Although the lawyer met with the appellants on May 15, 1986, to advise them that they could not act as a board, but had to act individually, the board thereafter expended public funds to maintain the appeals.

3. The Brule board of education president testified that approximately $400 of public funds were expended to fight the freeholder petitions. As of the time of trial, these funds had been repaid to the school district by a money raising organization called "VIP 6." On cross-examination, the president admitted that on the Friday night preceding the trial, the school board had approved the payment of another $200 in legal fees in connection with the transfer issue. Those public funds had not been repaid by the time of trial. The Brule school board also paid with school district funds the bond premium for costs in each of the five cases. Since a bond is a jurisdictional requirement under Neb. Rev. Stat. § 23-135 (Reissue 1987) to maintain petitions on appeal, the appeals likely would not have been properly filed but for the use of school district funds.

4. Each member of the Brule school board testified that he or she was not billed for the lawyer's services.

On the basis of the foregoing factors, the trial court found that the real appellant in these cases was the board of education of school district No. 17. The trial court further found that the appellants "have maintained a facade for the Brule School District to file [the appeals] and that the Brule School District has no legal standing."

The trial court thereupon affirmed the decisions of the freeholder board transferring the appellees' lands from school district No. 17 to school district No. 1, and dismissed appellants' appeals.

The cases were dismissed on the basis of appellants' lack of standing to prosecute the appeals. Therefore, appellants other assignments of error and the trial court's discussion of how the court would have decided the cases on the merits if the appellants had standing are of no import. They will not be discussed further.

It was the duty of the district judge to try these cases de novo, which he did. On appeal, it is also the duty of the Supreme Court to review the cases de novo.

The action of the statutory board under Neb. Rev. Stat. § 79-403 (Reissue 1976) is an exercise of quasi-judicial power, equitable in character, and upon appeal therefrom to the District Court the cause is triable de novo as though it had been originally instituted in such court, and upon appeal from the District Court to this court it is triable de novo as in any other equitable action.

(Syllabus of the court.) *In re Freeholder's Petition*, 210 Neb. 839, 317 N.W.2d 91 (1982).

While we review equity cases de novo and reach an independent conclusion without being influenced by the findings of the trial court, where credible evidence is in conflict, we may give weight to the fact the trial court saw the witnesses and observed their demeanor while testifying. See, *III Lounge, Inc. v. Gaines*, 227 Neb. 585, 419 N.W.2d 143 (1988); *Pallas v. Black*, 226 Neb. 728, 414 N.W.2d 805 (1987).

We have carefully reviewed the evidence on appellants' standing and have independently determined the facts of these cases to be substantially as set forth in the trial court's findings in that regard. The minutes of emergency and regular meetings of the Brule Board of Education referring to the land transfers corroborate many of the facts as found by the district court on standing.

The evidence is overwhelming that the Brule school board, during the relevant times herein, never retained the lawyer for any purpose other than to challenge the land transfers. The evidence is conclusive that the lawyer's services were never terminated and that he was paid $200 for legal services from school district funds the Friday before the trial in district court.

We fully agree with the trial court that the appellants

maintained a facade for the Brule School District to appeal the land transfers to the district court and that the Brule School District had no legal standing to litigate the issues involved.

The trial court's judgment dismissing each appeal for lack of standing is affirmed.

AFFIRMED.

JOHN MURPHY, D.J., concurs in the result.